69011. GARRETT v. THE STATE.
(325 SE2d 911)

BENHAM, Judge.

Appellant was convicted of two counts of rape, two counts of attempted burglary, and one count of giving a false name. Appellant's motion for new trial having been overruled, he brings this appeal, raising five enumerations of error. We affirm.

1. Appellant first contends that the trial court violated OCGA § 17-8-55 by expressing its opinion in the presence of the jury as to what the prosecution had proven through one of its witnesses. Appellant's counsel neither objected to the trial court's remark nor moved for mistrial at the time the remark was made. Having thus failed to preserve the issue for appeal, appellant is estopped from raising it at this juncture. *Spence v. State*, 252 Ga. 338 (3) (313 SE2d 475) (1984); *State v. Griffin*, 240 Ga. 470 (241 SE2d 230) (1978).

2. Appellant's next three enumerations involve the admission of appellant's polygraph examination results into evidence. The record shows that appellant's counsel was furnished a copy of the written report of the examination results and made no objection to its admission into evidence at the time it was offered, nor did he object to the report being taken to the jury room. Appellant now claims that the trial court erred in admitting the examination results since there was no evidence that the prosecution complied with the terms of the stipulation, since the examiner was not present and available for cross-examination at trial, and since his written report should not have gone out with the jury. Appellant waived his right to raise these issues by his failure to object at trial (*White v. State*, 137 Ga. App. 9 (1) (223 SE2d 24) (1975)), and so we are unable to reach the merits of his contentions.

3. Appellant also assigns as error the court's failure to give the jury a limiting instruction regarding the polygraph examiner's opinion of the examination results. There is no evidence in the record that appellant submitted a written request to charge on the point he now raises, and when the trial court asked appellant's counsel if he had

any exceptions to the charge given, counsel responded, "We have no objections." Under those circumstances appellant has no right to contest the omission of the instruction. *Burger v. State*, 245 Ga. 458 (1) (265 SE2d 796) (1980), cert. den. 446 U. S. 988 (100 SC 2975, 64 LE2d 847); *Pruiett v. State*, 159 Ga. App. 396 (2) (283 SE2d 625) (1981).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 16, 1985.

*Richard E. Allen*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Richard H. Goolsby, Charles R. Sheppard*, Assistant District Attorneys, for appellee.