A94A2283. JIVENS v. THE STATE.
(450 SE2d 328)

BIRDSONG, Presiding Judge.

Lawrence Jivens, a/k/a Jerome Smith, was convicted of two counts of aggravated assault, reckless conduct, obstruction of a law enforcement officer, giving a false name, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. The State's evidence showed that appellant became annoyed with Frankie Lee Stewart and Juliette Stewart after he lent his car to their son and the car was returned in poor condition. Appellant confronted the Stewarts twice; the second time, he emptied a .357 magnum gun at them and at their house as they ran to their house. This occurred on a fairly crowded street. Numerous bullets struck the Stewarts' home and furniture in their home, and struck other places along the street as they ran from appellant. When the police arrived, appellant stated "that he intended to kill Frankie [Stewart] and that he would kill him as soon as he got out of jail." He told the officer "I would have shot you, too, if I could've gotten the gun reloaded." When he was arrested, appellant was holding seven live rounds of ammunition in his hand. He enumerates eight errors below. *Held*:

1. We have reviewed the evidence and find it sufficient to persuade a rational trier of fact of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The case was not based solely on circumstantial evidence or solely on the appellant's uncorroborated statements as he suggests on appeal.

2. Appellant's second enumeration complains about the court's "refusal to charge on insufficient theory." Neither the enumeration nor the argument is framed intelligibly. We have reviewed the portions of the jury charge alluded to by appellant, and we find no error.

3. Appellant contends the charge on reasonable doubt lessened the State's burden of proof by including language that "a moral and reasonable certainty" as to appellant's guilt is all that can be expected in a legal investigation. Such a charge has been held not to be reversible error. *Vance v. State*, 262 Ga. 236 (2) (416 SE2d 516); *Oliver v. State*, 207 Ga. App. 681 (2) (428 SE2d 681).

4. Appellant contends the trial court erred in having him appear at voir dire in jail clothes and shackled. Prior to voir dire, the State raised the issue of "some misbehavior" of appellant. The trial court said it had observed appellant misbehave the day before, had consulted the sheriff whether appellant's misbehavior warranted his being shackled, and had decided to have him shackled and handcuffed. Defense counsel objected but stated he could not promise appellant would behave. A deputy interposed: "This morning . . . he got up on a table and defecated on it and said that's what he thought about the court. . . . [On the way to court] he took all his clothes off, and we had to take him down." After voir dire, defendant promised to behave and the trial court allowed the shackles to be removed.

Where there is good and sufficient cause, the court has discretion to require a defendant to be shackled and otherwise restrained. The trial court is more familiar with its courtroom than we are, so we do not interfere with its exercise of discretion on these matters unless that discretion is clearly abused. *Gude v. State*, 213 Ga. App. 573 (2) (445 SE2d 355) and cases cited. We find no abuse of discretion.

5. In enumerations five and six, appellant contends the evidence on the false name charge was insufficient to prove the name he gave police, "Jerome Smith," was not his true name, and that the prior offenses submitted for charge of the possession of a firearm by a convicted felon charge and consideration at sentencing were insufficient as they pertained to "Lawrence Jivens." Appellant argues that witnesses referred to him as "Smith" and there was no evidence showing his true name was Jivens either by birth certificate, driver's license or other lawful proof. However, other evidence referred to appellant as Lawrence Jivens; appellant's true identity was not made an issue at trial; appellant's counsel represented to the court that appellant's name was Lawrence Jivens; and appellant does not now suggest that his name is not Lawrence Jivens. The evidence was sufficient to authorize the jury to conclude appellant's true name is Lawrence Jivens and to authorize his conviction for giving a false name to a law enforcement officer. OCGA § 16-10-25. See *Hicks v. State*, 232 Ga. 393, 402 (207 SE2d 30). Appellant has waived any further argument on this account by failing to cite authority. Court of Appeals Rule 15 (c) (2).

6. In enumeration seven, appellant contends the State wrongly placed his character in evidence by allowing the testimony of a proba-

tion officer who could not give defendant's true and correct name. Appellant cites no authority for this proposition (see Court of Appeals Rule 15 (c) (2)), and since it was not in material evidentiary dispute at trial that appellant's true name is Lawrence Jivens, we find no error.

7. In his final enumeration, appellant contends government witnesses suppressed exculpatory evidence. However, appellant abandons this enumeration by failing to make any argument on that issue. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED NOVEMBER 21, 1994.

*Gerald L. Olding,* for appellant.
*Spencer Lawton, Jr., District Attorney, Greg M. McConnell, Assistant District Attorney,* for appellee.