A95A2081. STEPHENSON v. THE STATE.
(469 SE2d 266)

RUFFIN, Judge.

Charles Stephenson, Renee Humphries, Matthew Rider, and Michael Hyatt were indicted on two counts of burglary. Following a jury trial, Stephenson was convicted on both counts. He appeals his judgment of conviction and the denial of his motion for new trial. For reasons which follow, we affirm.

1. Stephenson contends the trial court erred in denying his motion for a continuance because he had inadequate time to confer with his attorney in the time between her appointment and the commencement of trial. The transcript shows that Stephenson's attorney was appointed 12 days prior to trial. Although the attorney moved for a continuance on Stephenson's behalf, she stated to the court that "at this time . . . I have spent a great deal of time preparing for this case, and I feel ready to go forward with it if the Court so rules." When asked by the court whether there were any witnesses she had been unable to interview, Stephenson's attorney responded yes, but stated that she did not feel it would be a problem if she did not have the opportunity to interview that particular witness. Given these circumstances, we find no abuse of discretion in the trial court's denial of the motion. *Bennett v. State*, 186 Ga. App. 832 (2) (368 SE2d 789) (1988).

2. In two enumerations of error, Stephenson contends the trial court erred in admitting evidence of a similar transaction because the prejudicial effect of his prior burglary conviction outweighed its relevance. We disagree.

Given the marked similarities the State demonstrated between the burglaries at the similar transaction hearing, proof of the former crime was, as the State argued, relevant to show Stephenson's intent, course of conduct, motive, and scheme in committing the burglaries committed in the instant case. See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). Thus, "any prejudice which may have resulted from admission into evidence of [Stephenson's] prior criminal acts was outweighed by its relevance." *Ramirez v. State*, 217 Ga. App. 120, 123 (2) (456 SE2d 657) (1995). This is particularly true given the court's instructions to the jury concerning the limited purpose of the similar transaction evidence. Id.

3. Stephenson contends the trial court erred in denying his motion for new trial because the evidence was insufficient for the jury to find guilt beyond a reasonable doubt. Specifically, Stephenson argues that with the exception of Humphries' testimony, there was no evidence that he made an unauthorized entry into the burglarized residences, and the uncorroborated testimony of an accomplice is insufficient to do so. We disagree.

In *Tucker v. State*, 205 Ga. App. 683 (423 SE2d 422) (1992), we held that although the defendant could not be convicted for burglary "on the uncorroborated testimony of an accomplice, . . . slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict." (Citations and punctuation omitted.) Id. at 684. Thus, even were the verdict in this case based on slight evidence of corroboration connecting Stephenson with the bur-

glaries, it is legally sufficient. *Bradford v. State*, 262 Ga. 512 (421 SE2d 523) (1992). "The necessary corroboration may be by circumstantial evidence. . . . [P]resence, companionship, and conduct before and after the offense are [also] circumstances from which [Stephenson's] participation in the [crime could] be inferred." (Citations and punctuation omitted.) *Earl v. State*, 214 Ga. App. 891, 892 (1) (449 SE2d 361) (1994).

In this case, Humphries testified that Stephenson needed money for a new car and that they therefore drove around the area where the burglaries occurred, accompanied by Hyatt and Rider, looking for a good place to rob. The residences they surveyed included the two which were ultimately burglarized. All of this testimony was corroborated by Hyatt and Rider. Hyatt and Rider also testified that after surveying the area, Stephenson drove them to the home of Humphries' mother to spend the night, and early the next morning Humphries tried unsuccessfully to get the pair out of bed to join her and Stephenson in burglarizing the homes. Humphries testified that she and Stephenson then entered two homes, taking guns and jewelry from them. Humphries, Hyatt, and Rider all testified that Humphries and Stephenson then went to Humphries' mother's home where Stephenson assisted Hyatt and Rider in removing diamonds from some of the stolen jewelry. Rider testified that Stephenson told him the jewelry came from the home Stephenson and Humphries had just robbed. Finally, Stephenson admitted that he was present when the diamonds were removed from their settings, that he accompanied the other three to a pawn shop to sell the stolen items, and that when Humphries emerged from the last pawn shop, she handed him $2,800 which he used to purchase a car that day. Thus, there was sufficient corroboration evidence that Stephenson participated in the burglaries.

Finally, an accomplice's testimony may be corroborated by the testimony of another accomplice. *Cain v. State*, 212 Ga. App. 531 (8) (442 SE2d 279) (1994). Because Humphries was corroborated by Hyatt and Rider in all material parts of her testimony, the jury could believe her testimony that Stephenson entered the homes, despite there being no independent corroboration on this issue. *Pitts v. State*, 128 Ga. App. 434 (197 SE2d 495) (1973). See also *Wells v. State*, 151 Ga. App. 416 (1) (260 SE2d 374) (1979), rev'd on other grounds, *Copeland v. State*, 160 Ga. App. 786 (287 SE2d 120) (1982). Thus, we find that there was sufficient evidence to authorize the jury's finding that Stephenson was guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 6, 1996.

*Conrad & Abernathy, Michael C. Chisolm*, for appellant.
*Garry T. Moss, District Attorney, Margaret E. Daly, Kelly C. Crisp, Assistant District Attorneys*, for appellee.