## A97A0444. BANKS v. THE STATE.
(484 SE2d 786)

BIRDSONG, Presiding Judge.

A jury convicted Daniel Bruce Banks of burglary. As a recidivist, he received the maximum sentence of 20 years without parole pursuant to OCGA § 17-10-7 (c). On appeal, Banks challenges the sufficiency of the evidence, the trial court's admission of similar transaction evidence, the court's order that he wear leg shackles during trial, and the court's decision to allow the district attorney's investigator to sit at the prosecution's table during trial. He also claims the trial court erred by refusing to probate a portion of his sentence. *Held*:

1. We review Banks' challenge to the sufficiency of the evidence. He is no longer presumed innocent. We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the verdict and determine whether a rational trier of fact could have found Banks guilty of burglary beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Sampson v. State*, 209 Ga. App. 213, 214-215 (1) (433 SE2d 136).

The evidence showed that on the evening of October 2, 1995, the victim retired to bed after locking the door of her apartment in a Lamar County complex. Around 2:00 or 3:00 a.m., she awoke and found Banks standing in her bathroom holding something in his hands. The victim recognized Banks, but she did not know him well and had not given him permission to enter her apartment. When she asked Banks why he was there, he claimed to be looking for the apartment of an old girl friend. When the victim asked what Banks wanted, he replied, "I was just looking." She fled the bathroom, and within a few minutes Banks left the apartment. The victim later found her window open and its shade torn down; the window had been closed when she went to bed. The front door was also standing open. In the sink the victim found an old billfold which had been in her bedroom, and she identified this billfold as the object Banks was holding in his hands. In his statement to police, Banks claimed he thought his ex-girl friend lived in the apartment. Evidence showed

the former girl friend lived in an apartment in a different section of the complex.

This evidence alone supports the verdict. Whether Banks entered the victim's apartment with intent to commit a theft was a jury question, especially in light of evidence indicating he had entered the locked apartment through a window and had taken a billfold from the victim's bedroom. See *Harris v. State*, 222 Ga. App. 56, 57 (2) (473 SE2d 229); *Legg v. State*, 204 Ga. App. 356, 357 (1) (419 SE2d 151).

2. The State also introduced "similar transactions" evidence of three other crimes Banks committed over a two-month period in 1986. Because Banks pled guilty to these crimes, and the trial court found them sufficiently similar to the present burglary, the court admitted this evidence to show Banks' intent. Banks enumerates these rulings as error.

In a criminal trial, evidence of another crime may be admitted if: (1) sufficient evidence shows the defendant committed the other crime; (2) the other crime is sufficiently similar to or connected to the crime with which the defendant is charged such that proof of the former tends to prove the latter; and (3) the evidence is tendered for an appropriate purpose. *Morrill v. State*, 216 Ga. App. 468, 475 (11) (454 SE2d 796). The trial court did not err in finding the similar transactions at issue met each of these three requirements.

The first similar transaction was the May 19, 1986 burglary of a woman's trailer in Lamar County. While the victim slept, Banks entered the trailer through a window and took $251 from her purse. The jury also heard that on May 27, 1986, Banks attempted to burglarize a home in Lamar County. He entered the screen porch and broke a window before being frightened away by a dog. Finally, on June 5, 1986, Banks attempted burglary when he tore the screen door on a Lamar County home and tried to enter. Banks pled guilty to each crime, establishing his identity. See *Hunt v. State*, 219 Ga. App. 741, 743 (3) (466 SE2d 894). The court found this evidence relevant to Banks' intent, a key issue in this case. See *Stephenson v. State*, 220 Ga. App. 95, 96 (2) (469 SE2d 266).

Although Banks contends these crimes were not sufficiently similar to the present burglary, there is no requirement that the similar transactions be identical to the charged crime. *Sessions v. State*, 207 Ga. App. 609 (1) (428 SE2d 652). In each prior crime, as in the charged crime, Banks entered a Lamar County residence with the intent to commit a theft or attempted to do so. See *Methvin v. State*, 189 Ga. App. 906, 909 (2) (377 SE2d 735). When a similar transaction is introduced to show intent, less similarity between the prior crime and present charge is required. See *Hargrove v. State*, 202 Ga. App. 854, 856 (1) (415 SE2d 708). Despite the fact that the similar trans-

actions took place nine years before the present burglary, the lapse of time did not render this evidence inadmissible. In determining the relevancy of these 1986 crimes, the trial court was entitled to consider the fact that Banks had been incarcerated for several of the intervening years. *Harris v. State*, 222 Ga. App. 52, 54 (2) (a) (473 SE2d 232). The trial court did not err by finding this similar transaction evidence more probative than prejudicial, especially in light of the limiting instructions given the jury regarding the use of this evidence. See *Stephenson*, supra.

3. Banks claims the court erred by allowing the district attorney's investigator to remain at the prosecution table during trial. This investigator did not testify, but Banks claimed it was "inequitable" for the State to have his assistance during trial. We find no error. Even where the rule of sequestration is invoked, the trial court has discretion to allow a testifying witness to remain in the courtroom during trial and assist a party. See, e.g., *Gray v. State*, 222 Ga. App. 626, 631 (2) (476 SE2d 12). This investigator was not a witness subject to sequestration, and Banks does not show how his presence harmed the defense; therefore, this enumeration is without merit. See *Lackey v. State*, 246 Ga. 331, 334-335 (5) (271 SE2d 478) (no error in allowing sheriff, who did not testify, to remain in courtroom during trial).

4. Banks enumerates as error the trial court's decision that he remain in leg shackles during the trial. Banks' attorney raised this issue at a pre-trial motion, at which time the sheriff informed the court that Banks was "bad to run, and he would run out of this courtroom while court is going on." The same indictment charging Banks with burglary charged him with escaping from the jail, and the sheriff stated that Banks had run when officers went to pick him up on this burglary charge.

The sheriff's statement gave the trial court good and sufficient cause for its decision, and we find no abuse of discretion. See *Jivens v. State*, 215 Ga. App. 306, 307 (4) (450 SE2d 328); *Gude v. State*, 213 Ga. App. 573, 574 (2) (445 SE2d 355). The trial court was not required to put the sheriff under oath before receiving his statements, as a court officer's statement in place is considered prima facie true. *Harbin v. State*, 165 Ga. App. 631, 633 (2) (302 SE2d 386). As Banks made no request to cross-examine the sheriff and no effort to challenge his statements, he waived the opportunity to do so. *Moon v. State*, 258 Ga. 748, 755 (12) (375 SE2d 442).

5. In his final enumeration, Banks contends the trial court erred by failing to consider probating a portion of his sentence. A four-time recidivist, Banks was sentenced to the maximum of twenty years, which the court directed was to be served without parole pursuant to OCGA § 17-10-7 (c). As its colloquy during sentencing reflects, the

court believed that § 17-10-7 (c) did not require it to give Banks the maximum sentence but did not allow it to probate or suspend any part of the sentence imposed. The court's belief was erroneous, as the State acknowledges in its brief. See *State v. Carter*, 175 Ga. App. 38 (332 SE2d 349), discussing the interplay between OCGA § 17-10-7 (a) and former OCGA § 17-10-7 (b), the language of which is now found at subsection (c). As *Carter* makes clear, OCGA § 17-10-7 (a) *required* the trial court to impose the maximum sentence but gave it discretion to probate or suspend part of that sentence. Subsection (c), which prohibits *parole*, did not take away that discretion. The trial court's failure to exercise its discretion was error, which we cannot find harmless under these circumstances. See *Brooks v. State*, 165 Ga. App. 115, 117 (4) (299 SE2d 167). The sentence is therefore vacated, and this case is remanded for resentencing in accordance with this opinion.

*Judgment of conviction affirmed; sentence vacated and case remanded for resentencing. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 27, 1997.

*John L. Strauss*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.