A99A1056. BRADSHAW v. THE STATE.
(516 SE2d 333)

ELDRIDGE, Judge.

A Richmond County jury found Craig Bradshaw guilty of burglary. He appeals, and we affirm.

In a light most favorable to upholding the jury's verdict,[1] the evidence showed that at approximately 7:00 p.m. on July 9, 1997, Allen Childs was getting dressed in preparation for an evening out. He heard a loud crashing noise, followed by a second, similar noise. Childs entered his living room to investigate. The window in his front door had been broken out, and glass covered the floor. A man's arm was reaching through the window; the man was turning the turn-bolt lock above the door handle. An additional dead-bolt lock prevented the man's entry. Childs screamed, "What are you doing?" The arm quickly disappeared, and the perpetrator's face appeared in the window. Childs and the perpetrator locked eyes. Childs had never seen the man before. The perpetrator ran.

Childs got his .22 caliber revolver, climbed in his car, and gave chase. Initially, he spotted the perpetrator hiding behind the bushes near his mailbox. When Childs spotted him, the perpetrator came out from behind the bushes and began walking down the road away from Childs. Childs followed him in his car. The perpetrator started walking faster. Childs exited his car and confronted the perpetrator, asking "Why did you break into my home?" The perpetrator started walking toward Childs. Childs got nervous and pulled his revolver. The perpetrator started running, and Childs, barefoot, pursued him on foot, firing a warning shot into the air.

When the shot was fired, the perpetrator stopped. Childs confronted him again, stating "I'm telling you to stop, you just broke into my house." The perpetrator noted that Childs' hand was shaking as he held the gun and said "That gun is shaking, I think I'm going to come over there and take it away from you." He told Childs that he was going to kill him. Childs replied, "If you take another step, I'll cap you right here." The perpetrator took off again, and a further foot chase ensued.

During the second chase, Childs fired off another warning shot, and the perpetrator, again, stopped. The perpetrator told Childs that he was tired; that Childs "had him"; and that Childs should put the gun down. Childs began screaming for help. The neighbors called the police. While waiting for the authorities, the perpetrator, later identified as Craig Bradshaw, told Childs, "I've been in jail many times and I'll be out before midnight. . . . Sleep tight, mother fucker." *Held:*

1. In his first enumeration of error, Bradshaw alleges as reversible error the trial court's refusal to give a jury charge on the lesser included offense of criminal trespass. We disagree.

Bradshaw testified at trial. He stated that, thinking he was at the home of a friend, he knocked on the window of Childs' door, and

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the window just fell out.[2] He testified repeatedly that "it's a fact that my arm did not go in that door." In addition, Bradshaw testified that he never touched the turn-bolt lock; that he never attempted to open the door at all; and that no one ever came to the door, so he just left. Bradshaw stated that he ran because he was afraid when Childs came at him with a gun; he testified that Childs shot at him "at least four times."[3] Bradshaw told the jury that Childs was lying throughout his entire testimony.

> [W]here the defendant has denied entering the burglarized premises, we have held that trespass instructions are not appropriate. . . . [T]he jury ha[s] the choice either to convict the defendant of burglary if it believed the State's evidence or to acquit the defendant if the State did not meet its burden; however, the jury [will] not be permitted the compromise choice of disbelieving the defendant and returning a verdict of guilty on the lesser offense of criminal trespass, differing from burglary only in criminal intent.

(Citations and punctuation omitted.) *Underwood v. State*, 221 Ga. App. 93, 95-96 (470 SE2d 699) (1996).

Here, Bradshaw did not admit to entering Childs' house, i.e., breaking the plane of the building by putting his arm through the door. In fact, he repeatedly denied that such act occurred. Thus, according to Bradshaw's own testimony, there was neither a criminal trespass nor a burglary. Accordingly, there was no error in refusing to charge on criminal trespass. *Wyley v. State*, 169 Ga. App. 106, 109 (311 SE2d 530) (1983).

2. Under OCGA § 17-10-7, Bradshaw was sentenced as a recidivist to the maximum, i.e., 20 years. The trial court's colloquy during sentencing reflects its belief that OCGA § 17-10-7 (c) required that Bradshaw be given the maximum sentence; however, the colloquy does not illustrate the trial court's recognition of its discretion to probate or suspend any part of the sentence and, thus, the exercise of such discretion: "[Trial Court:] The Legislature passed a law and its mandatory 20 year sentence, because he's a recidivist. So I'm going to sentence him to 20 years. I will run it concurrent with any other sentence that he has. That's the best I can do for him. The Legislature passed a law and they said 20 years, and I have no discretion. . . . That's mandatory. That's the best I can do; that's the only authority I have. I'm sorry he's here."

---

[2] Glass from the window was found as far away as 25 feet from the door.

[3] Upon police investigation, Childs' .22 revolver had been fired twice and contained four live rounds and two spent casings.

As [*State v. Carter*, 175 Ga. App. 38 (332 SE2d 349) (1985),] makes clear, OCGA § 17-10-7 (a) *required* the trial court to impose the maximum sentence but gave it discretion to probate or suspend part of that sentence. Subsection (c), which prohibits *parole*, did not take away that discretion. The trial court's failure to exercise its discretion was error, which we cannot find harmless under these circumstances. The sentence is therefore vacated, and this case is remanded for resentencing in accordance with this opinion.

(Citations and punctuation omitted; emphasis in original.) *Banks v. State*, 225 Ga. App. 754, 757 (484 SE2d 786) (1997). Upon remand, the trial court has the authority to reimpose the 20-years-to-serve sentence. However, let the exercise of the trial court's discretion in the imposition of such sentence be cast upon the record.

*Judgment of conviction affirmed, sentence vacated and case remanded for re-sentencing. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1999 — 

*Paul W. David*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

