A99A0674. HUNTER v. THE STATE.
(517 SE2d 534)

BARNES, Judge.

A jury convicted Timothy Hunter of aggravated sexual battery, child molestation and cocaine possession, and the trial court sentenced him to serve 13 years. The trial court then resentenced Hunter on its own motion, because he had been tried as a recidivist and the initial sentencing was void. Hunter appeals, enumerating three errors: the trial court's refusal to sever the drug charge from the molestation and battery charges; its refusal to grant a continuance when a material witness failed to appear; and its failure to consider probating part of the sentence when resentencing Hunter. We disagree and affirm.

The evidence shows that a first-grade teacher noticed one of her pupils was upset and crying after she returned from the bathroom one morning. Upon investigation, the teacher found dried blood on the little girl's panties and fresh blood oozing from her rectum. The school principal called the Department of Family & Children Services, and a caseworker and investigator came to the school to talk to the child. She gave jumbled, inconsistent answers about what happened to her, repeating that she was afraid her mother would whip her if she told the truth. They called her mother to come to the school, then took the girl to a pediatrician, who testified that the child had a raw area around her anus, an enlarged vaginal opening,

an abnormally thin hymen, and a raw area inside her vagina. These signs were consistent with penetration of some sort, the doctor stated, and some of the injuries would have occurred within the previous 24 hours.

The investigator and social worker then interviewed the child again, and after her mother assured her she would not be spanked, she named Timothy Hunter as the person who had injured her. She told the social worker Hunter took "a round thing out of his pocket and poked a hole in it and put a long thing like a string and that he put it in her front and back." The social worker said the child became very frustrated trying to describe the thing that came out of Hunter's pocket.

Hunter was indicted and had two condom containers in his pocket when he was arrested later that day. One of the containers had cocaine residue on it, which led to the drug charge of which Hunter was convicted. The investigator then showed the victim three different items and asked if any of them were the same as the thing Hunter took out of his pocket when he molested her. She chose the container like the one Hunter had in his pocket on arrest. When asked what Hunter did with it, she opened the container, took out a condom and "promptly" slid it onto the investigator's finger, he testified. The child also demonstrated to the jury how Hunter put a condom on his finger and described how he then "stuck it in her private parts and in her butt."

1. Hunter first argues that the trial court should have severed the cocaine count from the molestation and sexual battery counts, because the drug possession had nothing to do with the other two counts except that he had the contraband in his possession when he was arrested. None of the three prosecution witnesses on the cocaine charge, who were heard first, testified about the molestation charges, and none of the molestation witnesses testified about the cocaine offense.

Our Supreme Court recently ruled on a similar issue, in which the appellant argued the trial court erred in refusing to sever a drug charge from murder and burglary charges. In *Miller v. State*, 270 Ga. 741 (512 SE2d 272) (1999), a police officer stopped the appellant, who matched the description of the offender, patted him down, and found less than an ounce of marijuana in his pocket. The Supreme Court held:

> Where, as here, the joinder of charges is based on the fact that the charges comprise a series of connected acts, whether to sever the charges for trial is a matter for the trial court's discretion. The trial court does not abuse its discretion in denying a severance motion where evidence of one

> charge would be admissible in the trial of the other. Evidence of the circumstances of a defendant's arrest is admissible in the trial of the charge for which he was arrested. When the circumstances of that arrest result in additional criminal charges, it is not an abuse of discretion to refuse to sever the trial of those charges from the trial of the charge for which appellant was arrested. Accordingly, the trial court did not abuse its discretion in denying the motion to sever the charges.

(Citations omitted.) Id. at 744. In the case before us, the condom package with the cocaine residue was found during Hunter's arrest, and therefore evidence concerning the package was admissible. We conclude that the trial court did not abuse its discretion in denying Hunter's motion to sever the cocaine charge from the molestation charges.

2. Hunter next contends that the trial court erred in refusing to grant him a continuance when a witness failed to appear. On the second day of trial, Hunter called Lucille Ziegler to the stand, then informed the court that Ziegler, who had been subpoenaed, had left the state and did not intend to be there that day. Hunter moved for a continuance. The trial court denied the motion, finding that Ziegler's testimony would be cumulative or for impeachment purposes only.

Under OCGA § 17-8-25, a party applying for a continuance based on failure of a witness to appear must show the court the following: the witness is absent, has been subpoenaed, does not reside more than 100 miles from the place of trial, is not absent by permission of the applicant, has material testimony and will appear at the next term of the court. The applicant must also show that the application is not made for the purpose of delay and must state the facts expected to be proved by the absent witness. We review for abuse of discretion a trial court's ruling on a motion for continuance. *Pickens v. State*, 225 Ga. App. 792, 798 (3) (b) (484 SE2d 731) (1997).

Hunter failed to prove each of the requirements in OCGA § 17-8-25.

> Even assuming that the other statutory terms for the granting of a continuance were met, it affirmatively appears that the requirement, "that the applicant expects he will be able to procure the testimony of the witness at the next term of the court," was not fulfilled.

*Thompkins v. State*, 257 Ga. 113 (356 SE2d 207) (1987). All Hunter said about the location of his absent witness was that she had attended trial every day previously, but had gone to Florida and did

not intend to be there that day. The trial court did not abuse its discretion in denying Hunter's motion for continuance.

3. Finally, Hunter argues that the trial court erred in failing to consider probating part of his sentence. The trial court initially sentenced Hunter to serve 13 years on each count, to be served concurrently. However, the State had placed Hunter on notice that he was being tried as a recidivist under OCGA § 17-10-7, and the trial court resentenced Hunter on its own motion to serve 20 years on Counts 1 and 2, and 15 years on Count 3. While Hunter concedes that the court's initial sentencing was void, he argues that the trial court erred because it thought it could not probate any portion of the sentence. Since the court initially sentenced Hunter to serve 13 years, he argues, then if it had realized it had the authority to probate a portion of the sentence under OCGA § 17-10-7, it would have resentenced him to serve 13 years with the balance on probation.

At the re-sentencing hearing, the trial court stated that its original sentence was void and it could bring Hunter back for resentencing, relying on *Wallace v. State*, 175 Ga. App. 685, 686 (5) (333 SE2d 874) (1985). In *Wallace*, this Court affirmed a trial court that voided a sentence invalid under OCGA § 17-10-7 and resentenced the defendant, although that case involved a life sentence in which probation was not available.

In this case, the trial court stated at the resentencing that OCGA § 17-10-7 (a), (c) "provides that [he] be sentenced to undergo the longest period of punishment prescribed and that [he] will not be eligible for parole or any other sentence reduction." Hunter is correct that the trial court could have sentenced him to serve part of his mandatory sentence on probation, had he chosen to do so. *Banks v. State*, 225 Ga. App. 754, 756-757 (5) (484 SE2d 786) (1997). However, unlike the trial court in *Banks*, which indicated in colloquy that it believed it could not probate any portion of the sentence and was not required to impose the maximum sentence, the trial court here never indicated that it could not consider probation after hearing Hunter's argument and citations at the resentencing hearing. That the trial court did not probate part of Hunter's sentence is not dispositive; it did not probate any of his sentence the first time either.

> In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing appellant's sentence. Appellant had no viable cause for complaint that, in the exercise of its discretion, the trial court declined to probate or suspend a portion of the recidivist sentence. [Cit.]

*Hatcher v. State*, 224 Ga. App. 747, 751 (2) (b) (482 SE2d 443) (1997).

Under these circumstances, we find no error in the trial court's sentence.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999.

*Robert L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, A. Scott Gunn, Assistant District Attorney*, for appellee.