## A99A1314. SCOTT v. THE STATE.
### (524 SE2d 287)

MILLER, Judge.

In the presence of a confidential informant who arranged the transaction, Bennie Scott and two other men purchased five pounds of marijuana from an undercover agent and stated they intended to sell it. The transaction was recorded on video and audio tape. Convicted of possession of marijuana with intent to distribute,[1] Scott enumerates as error (i) the court's denial of his motion for continu-

---

[1] OCGA § 16-13-30.

ance, (ii) the admission of an independent offense, and (iii) the court's failure to probate or suspend all or part of his sentence.

1. Two years before trial, Scott requested the informant's identity, address, and criminal record. Although the trial court denied the request, the State provided the information four days before trial. Scott moved for a continuance, arguing that he did not have enough time to obtain certified copies of the informant's convictions nor to interview the informant before trial. In response, the State stipulated to the informant's prior convictions and agreed the informant would testify only that the audio tapes of his conversations with Scott were unchanged.[2] Ordering that Scott could interview the informant prior to the start of the trial, the court denied the continuance.

Denial of a motion for continuance lies within the discretion of the trial court, and unless manifestly abused, the denial thereof will not be disturbed.[3] Because the trial court provided Scott's counsel an interview with the informant before trial, Scott's rights were adequately protected.[4] Moreover, Scott's counsel cross-examined the informant extensively on his criminal record and the arrangement of the sale. The trial court did not abuse its discretion in denying Scott's motion for continuance.

2. Scott also argues the trial court erred by admitting evidence of an independent offense. To prove a common course of conduct, the State introduced evidence of Scott's 1977 conviction for possession with intent to distribute marijuana.

*Jones v. State*[5] reiterated the standard for admitting similar transactions:

> Independent crimes are admissible to show motive, intent, plan, identity, bent of mind or course of conduct. In order for any independent acts to be admissible it must be shown that the defendant was the perpetrator of the independent crime and that there is sufficient similarity of the former independent crime that it tends to prove the latter crime.[6]

The evidence showed that eighteen years earlier[7] Scott was in a

---

[2] At trial the State in fact had the informant testify to other matters, but Scott raised no objection. Failure to object waives the State's non-compliance with a stipulation. *Garrett v. State*, 173 Ga. App. 292 (2) (325 SE2d 911) (1985).

[3] *Pulliam v. State*, 236 Ga. 460, 462 (224 SE2d 8) (1976); *Wellons v. State*, 144 Ga. App. 218, 219 (2) (240 SE2d 768) (1977).

[4] See OCGA § 17-16-8 (a); *McLarty v. State*, 238 Ga. App. 27, 29-30 (2) (516 SE2d 818) (1999).

[5] 236 Ga. App. 330, 332 (1) (511 SE2d 883) (1999).

[6] (Citation and punctuation omitted.) Id. at 332 (1) (b).

[7] *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985) (the lapse of 19 years between the prior occurrences and the offenses charged goes to the weight and credibility of

vehicle in the same geographical area as this case, when the police searched his car pursuant to information from a reliable confidential informant and found ten pounds of marijuana. Scott argues that the only similarity between the two cases is the marijuana. We do not agree. Both cases occurred in Chatham County, only two miles apart. Both were sales of marijuana to Scott in large enough quantities to indicate intent to distribute. In both cases, Scott was accompanied by two males and intended to use a vehicle to transport the contraband. The court's finding that there was sufficient similarity between the two crimes for the limited purpose of proving a similar course of conduct and intent was not clearly erroneous.[8]

3. Finally, Scott argues that the trial court erred in failing to consider probating part of his sentence. The trial court initially sentenced Scott to ten years without parole under OCGA § 17-10-7 (c). Scott moved to correct the sentence, arguing he should be sentenced under OCGA § 17-10-7 (a). The trial court amended the order and sentenced Scott to ten years under OCGA § 17-10-7 (a), thereby eliminating the denial of parole.

During sentencing, the trial court received evidence of Scott's five drug-related felony convictions. The trial court considered two convictions as recidivist under OCGA § 17-10-7 (a) and the remaining three as prior bad acts. The trial court exercised discretion in determining Scott's sentence on two separate occasions and delivered a sentence within the limits of the law. This court will not disturb a sentence within the statutory limits. Any question as to the excessiveness of the sentence is a matter for a sentence review panel.[9]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 1, 1999.

*E. Jerrell Ramsey*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.

---

such testimony, not its admissibility). Compare *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991) (where an event 31 years in the past was too remote for similar transaction evidence).

[8] *Duque v. State*, 228 Ga. App. 391, 392 (2) (491 SE2d 841) (1997).

[9] See OCGA § 17-10-6. See generally *Harden v. State*, 239 Ga. App. 700, 701 (3) (521 SE2d 829) (1999); *Tommie v. State*, 158 Ga. App. 216 (1) (279 SE2d 510) (1981).