A99A1654. MUHAMMAD v. THE STATE.
(529 SE2d 418)

MILLER, Judge.
A jury found Yahya Muhammad guilty of burglary, and the court sentenced him to the maximum of 20 years without parole pursuant to the sentencing provisions for recidivist offenders under OCGA § 17-10-7 (c). On direct appeal, this Court affirmed Muhammad's conviction in an unpublished opinion, *Muhammad v. State*, 217 Ga. App. XXXI (1995), while the Sentence Review Panel affirmed the recidivist sentence imposed by the trial court. This instant appeal arises from

---

[11] 25 AmJur2d, Easements & Licenses, § 18.
[12] *Central of Ga. R. Co. v. DEC Assoc.*, 231 Ga. App. 787, 790-791 (1) (b) (501 SE2d 6).

the denial of Muhammad's subsequent "Motion to Correct a Vacated Case for Resentencing." Although a trial court cannot modify a sentence after the term in which it was rendered, the court may nevertheless resentence a defendant whose original sentence was illegal, at any time.[1] Accordingly, Muhammad's appeal is properly before us.[2]

1. In felony cases where the jury returns a guilty verdict, OCGA § 17-10-2 (a) requires the trial court to conduct a presentence hearing to determine the punishment to be imposed. The record reflects that such a hearing was held in this case, where the court heard evidence in extenuation, mitigation, and aggravation of punishment, including Muhammad's prior convictions. Thus, Muhammad's fourth enumeration is without merit.

2. Muhammad contends that the court failed to consider probating or suspending a portion of his sentence. Muhammad correctly argues and *Banks v. State*[3] clearly explains that although OCGA § 17-10-7 (c)[4] prohibits parole, that Code section does not take away the discretion given to the trial court by OCGA § 17-10-7 (a)[5] to probate or suspend part of a sentence.[6]

After the verdict was rendered and prior to the presentencing hearing, the colloquy between the court and counsel was as follows:

Co-defendant's Counsel: Judge, we want to request a presentence investigation with the Court's permission.

Defendant's Counsel: And I would make the same request, Your Honor.

Prosecuting Counsel: Your Honor, both Defendants have received recidivist notice and I believe that would basically be pointless in this case inasmuch as the Court has to sentence them to the maximum amount provided by law. However, if they have a right to have one there is I guess nothing we can do about that.

Court: They have one if I would consider probation, but

---

[1] *Mullins v. State*, 134 Ga. App. 243 (1) (214 SE2d 1) (1975).

[2] *Howard v. State*, 234 Ga. App. 260, 261 (1) (506 SE2d 648) (1998).

[3] 225 Ga. App. 754 (484 SE2d 786) (1997).

[4] OCGA § 17-10-7 (c) states that any person who, after being convicted of three felonies, is convicted of a fourth felony shall serve the maximum time provided in the sentence of the judge and shall not be eligible for parole until the maximum sentence has been served.

[5] OCGA § 17-10-7 (a) provides that any person who, after being convicted of a felony, is convicted for another felony shall be sentenced to the longest period of time prescribed for the punishment but that the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

[6] *Banks*, supra, 225 Ga. App. at 757 (5); *State v. Carter*, 175 Ga. App. 38, 39-41 (332 SE2d 349) (1985); accord *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999).

under this notice I probably can't, but I'll resolve that. . . .

But the record reflects that during the presentencing hearing, the court discussed Muhammad's prior convictions with counsel and asked, "[l]et me see that code, please," which defendant's counsel explained was OCGA § 17-10-7. And in sentencing Muhammad, the court stated:

> the State having given [Muhammad] due notice of his recidivist status and proved such status under 17-10-7 (b), and the Court having considered the information given to the Court regarding his sentencing and what the sentence should be, I impose a sentence of twenty years.

Moreover, on the denial of Muhammad's motion to vacate his sentence, the court reviewed the motion and the record in its entirety and found no basis on which to vacate the sentence.

The record shows that the court reviewed OCGA § 17-10-7 during the presentencing hearing and reviewed Muhammad's sentence following his motion to vacate. And in the absence of any affirmative showing to the contrary, the court is presumed to have exercised its discretion in imposing sentence.[7] Muhammad has no cause for complaint that the court, in the exercise of its discretion, declined to probate or suspend a portion of the recidivist sentence.[8]

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 9, 2000 —
RECONSIDERATION DENIED MARCH 1, 2000 — ▮▮▮▮▮▮▮

Yahya B. Muhammad, *pro se.*

*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.

---

[7] *Hunter v. State*, 237 Ga. App. 803, 806 (3) (517 SE2d 534) (1999).

[8] See id.