## A00A1993. HENDERSON v. THE STATE.
### (543 SE2d 95)

RUFFIN, Judge.

A jury found David Lee Henderson guilty of aggravated assault for stabbing Orlando Woodard. On appeal, Henderson contends that the trial court erred in permitting the State to cross-examine defense witnesses about prior convictions, failing either to have a portion of the trial transcribed or to allow him to supplement the transcript, and failing to exercise discretion in sentencing. Finding Henderson's contentions lack merit, we affirm.

1. Woodard testified that, on September 15, 1998, Henderson stabbed him after the two of them "exchanged words." Henderson admitted stabbing Woodard, but claimed that he did so in self-defense. Two other defense witnesses, Orlando Weems and Robert Crowder, supported Henderson's version of events. To impeach Weems's and Crowder's testimony, the State tendered copies of their prior convictions for drug offenses.[1] The State also cross-examined both witnesses regarding the circumstances of their arrests. In two enumerations of error, Henderson asserts that the trial court erred in allowing the State to question the witnesses about the drug offenses as such testimony was irrelevant.

"A witness's credibility may be impeached upon showing conviction for a crime of moral turpitude, or upon introducing a certified

---

[1] Weems pled guilty to one count of possession of cocaine, and Crowder pled guilty to one count of selling counterfeit cocaine and one count of possession of cocaine.

copy of a prior felony conviction."[2] As Weems and Crowder were convicted of felonies, the certified copies of those convictions were relevant to their credibility. But the impeachment was accomplished by the State's tendering of the certified convictions, and the State's additional questions regarding the circumstances of the arrests constituted improper bolstering.[3] However, Henderson did not object to the admission of the evidence on this basis, and his failure to do so precludes appellate review of this issue.[4]

2. During the sentencing phase of the trial, the State tendered certified copies of Henderson's four prior convictions. Under OCGA § 17-10-7 (c), the trial court sentenced him as a recidivist to 20 years, which is the maximum sentence.[5] According to Henderson, the trial court stated that, under the recidivist sentencing provisions, it had no discretion in sentencing. However, the transcript of the sentencing hearing does not contain any such statement. Henderson alleges that the court's statement was not transcribed, and he moved to supplement the transcript to include the alleged statement.[6] The trial court denied the motion. At the motion hearing, the trial court stated, "I know I have discretion, but I'm not going to exercise it. He's going to be sentenced to twenty years to serve."

On appeal, Henderson argues that the trial court erred in failing to have the entire sentencing hearing transcribed or to allow him to supplement the record. Pretermitting whether error occurred, however, Henderson's claims of error present no basis for reversal.

When a trial court has sentenced a recidivist to the maximum penalty under the mistaken belief that it had no discretion to suspend or probate any part of the sentence, we have remanded for resentencing.[7] Here, however, even if the trial court mistakenly believed it had no discretion at the sentencing phase, this was clearly not the case at the motion hearing, when the trial court stated that, although it had discretion in sentencing, it would not exercise it to probate or suspend any part of Henderson's sentence. Accordingly, remanding the case would be an exercise in futility as "[t]his court will not disturb a sentence within the statutory limits."[8] And Henderson "has no cause for complaint that the court, in the exercise of its discretion, declined to probate or suspend a portion of the recidivist

[2] (Footnote omitted.) *Kyler v. State*, 270 Ga. 81, 83 (7) (508 SE2d 152) (1998).

[3] See *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994) (where witness does not attempt rehabilitation by explaining circumstances of conviction, additional questions regarding circumstances constitute bolstering).

[4] See *Hehir v. State*, 237 Ga. App. 389 (515 SE2d 406) (1999).

[5] OCGA § 16-5-21 (b).

[6] See OCGA § 5-6-41 (d).

[7] See *Bradshaw v. State*, 237 Ga. App. 627, 629-630 (2) (516 SE2d 333) (1999).

[8] *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999).

sentence."[9]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 28, 2000.

Lloyd J. Matthews, for appellant.
Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney, for appellee.

---

[9] *Muhammad v. State*, 242 Ga. App. 540, 542 (2) (529 SE2d 418) (2000).
[1] See OCGA § 20-2-940 (e) (1).