## A00A2339. TEASLEY v. THE STATE.
(545 SE2d 17)

BLACKBURN, Chief Judge.

This is the second appearance of this case before this court. In *Teasley v. State*,[1] we affirmed Lee Anthony Teasley's conviction for possession of cocaine with intent to distribute. Teasley now appeals the denial of a post-conviction motion to vacate his sentence. For the reasons that follow, we affirm.

After a jury convicted Teasley of possession of cocaine with intent to distribute, the trial court sentenced him as an habitual felon, to serve 30 years in confinement without eligibility for parole. Subsequently, Teasley filed a motion asserting that the trial court

---

had failed to consider probating or suspending part of his sentence. Teasley argued that the trial court had been under the erroneous impression that he could be sentenced only to confinement. After a hearing, that motion was denied.

In this appeal, Teasley's sole assertion of error is that the trial court erred at the original sentencing and continued to err at the hearing on his motion to vacate his sentence, by failing to recognize the court's obligation to consider probating or suspending part of his sentence. He argues that the sentence imposed was void and that he should be resentenced with due consideration afforded to some type of clemency.

OCGA § 17-10-7 (a) requires a trial court to sentence a defendant to the maximum time prescribed by law for the offense for which he is convicted, in this case 30 years. While OCGA § 17-10-7 (a) prohibits parole, that Code section does not abrogate the discretion of the trial court to probate or suspend part of the sentence. *Muhammad v. State.*[2] If, in the exercise of its discretion, the trial court declines to probate or suspend a part of the recidivist sentence, a defendant has no viable cause for complaint. *Hunter v. State.*[3] Unless affirmative evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence. Id.; see *Bradshaw v. State.*[4]

Prior to trial, the State notified Teasley of its intent to present evidence in aggravation at sentencing. The evidence showed that Teasley had received first offender treatment for forgery and unlawfully entering an automobile. Subsequently, Teasley was convicted of other crimes, including robbery by sudden snatching, possession of illegal drugs, burglary, and possession of cocaine with intent to distribute. While on probation from the burglary conviction, Teasley committed yet another felony, and the same judge presided at both trials.[5]

At the sentencing hearing, the trial court offered Teasley an opportunity to present evidence in mitigation or extenuation. Before sentencing Teasley, the trial court took notice of Teasley's four prior felony convictions, observing, "and this will be the fifth offense." The trial court stated:

> All right, Mr. Teasley, you having been found guilty by a Jury of this offense, plus the Habitual Felon count listed in

---

[2] *Muhammad v. State*, 242 Ga. App. 540, 541 (2) (529 SE2d 418) (2000).
[3] *Hunter v. State*, 237 Ga. App. 803, 806 (3) (517 SE2d 534) (1999).
[4] *Bradshaw v. State*, 237 Ga. App. 627, 629 (2) (516 SE2d 333) (1999).
[5] On December 5, 1983, Judge Charles A. Pannell, Jr. sentenced Teasley to six years in prison and four on probation for burglary. In this case, Teasley was again before Judge Pannell on trial for possessing cocaine with intent to distribute. The drug offense occurred March 4, 1992, well before the completion of Teasley's probation for the burglary conviction.

Count II in the indictment, it becomes my duty to impose the maximum sentence under the section that you've been indicted under, which carries Thirty (30) years, and also under Code Section 17-10-7. Therefore, I sentence you to serve Thirty (30) years in the Georgia State Penitentiary, and further find that under that provision you should not be eligible for parole until the maximum sentence is served.

In expressly finding that Teasley "should not be eligible for parole," we cannot say that the trial court did not give any consideration to probating or suspending part of the sentence. Compare *Banks v. State*.[6] Unlike in *Banks*, there is no indication here that the trial court mistakenly believed that it could not have probated part of Teasley's sentence. Id. at 757.

Finally, although no transcript of the May 15, 2000 hearing on Teasley's motion to vacate was provided, the record demonstrates that the trial court was fully and thoroughly briefed about cases explicating the scope of a trial court's discretion in imposing sentence under OCGA § 17-10-7. Since no evidence affirmatively shows otherwise, it must be presumed that the trial court properly exercised its discretion. See *Hunter*, supra. Accordingly, we affirm the trial court's denial of Teasley's motion to vacate his sentence.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 17, 2001.

*Roger A. Baruch,* for appellant.
*Kermit N. McManus, District Attorney,* for appellee.

---

[6] *Banks v. State*, 225 Ga. App. 754, 756-757 (5) (484 SE2d 786) (1997).