## A01A0183. WALTON v. THE STATE.
### (544 SE2d 540)

MIKELL, Judge.

David Walton was convicted of burglary based on his participation in breaking into a hardware store and stealing 16 guns. During the sentencing phase of his trial, the state tendered into evidence certified copies of Walton's two prior burglary convictions. Walton offered no evidence in mitigation, and the court sentenced him to 20 years to serve. Walton moved for a new trial as to sentencing only, contending that the trial court erroneously failed to consider probating a portion of his sentence, as required by OCGA § 17-10-7 (a). After a hearing, the motion was denied, and this appeal followed. We affirm.

Walton contends that the trial court erroneously concluded that it had no discretion to consider probation. In sentencing Walton, the trial court stated:

> You don't seem to be getting the message. Breaking into people's buildings, houses . . . and stealing stuff is against the law. It's going to end up getting you killed or getting somebody else killed probably somewhere along the line if you don't quit that kind of stuff. Under the law of this State as I read it I have no choice but to sentence you to twenty years to serve in the State penitentiary, and that's what I'm going to do.

In his amended motion for new trial, Walton argued that the trial court had misconstrued OCGA § 17-10-7 (a), which provides that

> any person convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge

may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

Walton contended that when the trial court stated it had no choice other than to sentence him to imprisonment, the court meant that it had no discretion under the statute. However, at the hearing on the motion for new trial, the judge explained that when he used the term "no choice," he was not referring to the statute. Rather, the court felt that it had no alternative other than to sentence Walton to confinement because "he wasn't getting the message." The court further stated that even if this Court remanded for a new sentencing hearing, the trial court would decline to probate a portion of Walton's sentence.

On appeal, Walton makes the same argument that he made before the trial court, namely, that the trial court failed to consider probating a part of his sentence, in violation of OCGA § 17-10-7 (a).

As we recently noted in *Henderson v. State*, 247 Ga. App. 31 (543 SE2d 95) (2000), remand for resentencing is appropriate when a trial court has sentenced a recidivist to the maximum penalty under the mistaken belief that it had no discretion to probate any part of the sentence. However, as we also pointed out in *Henderson*, remand would be an "exercise in futility" where, as in the case sub judice, the trial court explains at a post-sentencing hearing that notwithstanding the discretion granted to the court in sentencing pursuant to OCGA § 17-10-7 (a), the court would decline to exercise that discretion to probate any part of the defendant's sentence. Accordingly, Walton "has no cause for complaint that the court, in the exercise of its discretion, declined to probate . . . a portion of the recidivist sentence." *Muhammad v. State*, 242 Ga. App. 540, 542 (2) (529 SE2d 418) (2000).

Finally, we note that the trial court inquired about mitigating evidence before imposing the maximum sentence. Clearly, the court would not have done so unless it intended to consider that evidence in connection with probation. *Knight v. State*, 221 Ga. App. 92, 93 (470 SE2d 486) (1996); *Cox v. State*, 205 Ga. App. 375, 376 (2) (422 SE2d 68) (1992). As Walton concedes that his sentence is within the statutory limits, OCGA § 16-7-1, this Court will not disturb it. *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 29, 2001.

*Franklin & Hubbard, Brooks S. Franklin, Mary E. Lysak,* for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellee.