## A04A0142. PRITCHETT v. THE STATE.

(599 SE2d 291)

SMITH, Chief Judge.

In November 1994, Charles Pritchett, Jr. and co-defendant James Taylor were convicted by a jury of the offense of possession of cocaine and were sentenced to "twenty five (25) years without parole as fourth felony under recidivist statute." In separate opinions, only one of which was published, both convictions were affirmed by this court. See *Taylor v. State,* 230 Ga. App. 749 (498 SE2d 113) (1998); *Pritchett v. State,* 223 Ga. App. XXIX (1996). In June 2003, Pritchett filed a "Motion to Vacate Void Sentence," arguing that the trial court failed to exercise its discretion to probate any part of his sentence and that the court improperly enhanced the sentence to 25 years after it first pronounced a 15-year sentence. The trial court denied the motion, and Pritchett brought this pro se appeal. We affirm.

Contrary to any contention by Pritchett that the State failed to give notice of its intent to use previous convictions in aggravation of punishment, the transcript of the pre-sentence hearing shows that the State "previously notified both defendants that it would seek punishment against them as recidivists." Although Taylor raised some argument as to the adequacy of the notice, Pritchett raised no such objection. It appears to be undisputed that the State presented evidence that Pritchett had three prior felony convictions for possession of cocaine. The prosecutor informed the court that it was "mandatory that the Court sentence him to fifteen years imprisonment without benefit of parole." The court recited that it would impose on both defendants "a sentence of fifteen years under the . . . Recidivist section of the Georgia Code." Before the hearing concluded but before the trial court signed the judgment of conviction and sentence, however, the prosecutor stated that "they might need to be sentenced under subsection (c). There's enhanced punishment for second offense distribution and second offense possession." The court then recited, "Well, to give effect to the law as the legislature has written it, make that twenty-five years." The judgment of conviction and sentence reflects that the word "fifteen" was marked through and replaced with the word "twenty-five."

1. Pritchett argues that the trial court failed to exercise its discretion to probate part of his sentence. We do not agree.

Presumably, when the prosecutor informed the court that Pritchett should be sentenced under "subsection (c)," he was referring to OCGA § 17-10-7 (c). That Code section provides that any person who, after being convicted of three felonies, commits a fourth felony other than a capital felony, must serve the maximum time provided in the trial court's sentence based upon the fourth conviction. Id. A person convicted under OCGA § 17-10-7 (c) "shall not be eligible for parole until the maximum sentence has been served." The language in this Code section must be read along with OCGA § 17-10-7 (a), which requires a trial court to impose the maximum sentence when an individual is convicted of a second "felony punishable by confinement in a penal institution." Id. Subsection (a) further provides, however, that "the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense." Id. Although subsection (c) prohibits parole, it does not dispense with the trial court's discretion to probate or suspend part of a sentence under OCGA § 17-10-7 (a). *Banks v. State*, 225 Ga. App. 754, 757 (484 SE2d 786) (1997). See also *Muhammad v. State*, 242 Ga. App. 540, 541 (2) (529 SE2d 418) (2000).

In *Banks*, the defendant was a four-time recidivist, and the record affirmatively showed that the trial court believed it had no discretion to probate his sentence. Id. at 757. Here, in contrast, no such showing was made that the trial court entertained this erroneous interpretation of the law. The court sentenced Pritchett to 25 years without parole, but neither the written judgment nor the colloquy during the sentencing hearing mentions or otherwise reflects any belief by the trial court that it was precluded from considering probating Pritchett's sentence. In fact, the trial court's remarks during the hearing demonstrate its belief that probation would be an ineffective method of punishment. The court reviewed the defendants' extensive criminal records and noted that they had "been involved in drugs for quite some time" and that orders to get drug treatment "don't work." The court then stated, "Probably the only way they're going to get treatment is be kept away from it in the prison system. If they're long enough there they will attempt to do something about it." The trial court was "mainly" referring to Pritchett's record when it found, "This is one of the worst records I've seen in a long time about possession of cocaine." It is apparent from the trial court's statements that it believed confinement in a penal institution was in Pritchett's best interest. In the absence of an affirmative contrary showing, the trial court is "presumed to have

exercised its discretion in imposing" the 25-year sentence on Pritchett. (Citation omitted.) *Hunter v. State*, 237 Ga. App. 803, 806 (3) (517 SE2d 534) (1999). See also *Muhammad*, supra, 242 Ga. App. at 541.

2. We also note Pritchett's argument that the trial court erred in enhancing his sentence to 25 years after it pronounced a 15-year sentence. But neither the oral pronouncement nor the stricken material on the judgment form constituted a judgment. At the time the court pronounced the shorter sentence, it had not yet signed the judgment, and it is axiomatic that a judgment is not "effective until it is signed by the judge and filed with the clerk." (Citations and punctuation omitted.) *Bonner v. State*, 182 Ga. App. 133, 134 (355 SE2d 91) (1987). Furthermore, even if the 15-year sentence had been part of a formal judgment, the trial court had the inherent power to revise the judgment during the term of court in which it was entered. *Buice v. State*, 272 Ga. 323, 324 (528 SE2d 788) (2000). We find no merit in this contention.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 7, 2004.

Charles Pritchett, *pro se.*

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.