A98A2383. SANTANA v. THE STATE.
(510 SE2d 916)

JOHNSON, Chief Judge.

Jason Dennis Santana was found guilty of possessing more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. He appeals. We affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Santana was arrested at the Atlanta Airport following a customs search upon his arrival from Jamaica. One parcel of luggage that Santana presented for inspection and claimed to be his

contained more than ten pounds of marijuana. The luggage bore two identification tags handwritten by Santana. These tags contained Santana's name, home address and home telephone number. The luggage also had an airline baggage claim tag that contained Santana's name, flight number and ticket number. The corresponding baggage claim check was attached to Santana's airline ticket, which was in his possession.

During an interview, Santana claimed the luggage and the marijuana were his. He stated that a man in Jamaica gave him the marijuana. However, Santana later claimed that the luggage belonged to his traveling companion and that he had no idea how his handwritten baggage identification tags became attached to the suitcase. He had no idea how the airline-issued baggage claim tag with his name and airline ticket number became attached to the parcel containing marijuana. He also had no idea how the matching claim check for the airline-issued baggage claim tag became attached to his ticket envelope.

1. Santana contends the trial court erred in excluding the testimony of Lorene Chandley. At trial, Santana's counsel told the court that Chandley would testify that she dated David Weinstein, the individual with whom Santana allegedly traveled to Jamaica. Chandley would testify that on an occasion when she and Weinstein went to Jamaica, she saw Weinstein switch bags with an apparently unsuspecting passenger. When she investigated further, she formed a belief that Weinstein was smuggling marijuana from Jamaica. She further believed that Weinstein set up Santana on this occasion. The trial court excluded her testimony as irrelevant.

While a defendant is entitled to introduce relevant and admissible testimony showing that another person committed the crime for which he is being tried, "the proffered evidence must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delicti, or show that the other person has recently committed a crime of the same or similar nature. [Cits.]" *Klinect v. State*, 269 Ga. 570, 573 (3) (501 SE2d 810) (1998). Chandley's proffered testimony regarding Weinstein's involvement in drug smuggling and his "setting up" Santana is mere speculation. She had no knowledge of any of the events surrounding Santana's trip with Weinstein. In addition, Chandley's proffered testimony dealt with an incident that occurred one and one-half years earlier. There was no evidence drugs were involved in the prior incident, and it was clear Weinstein did not know and was not traveling with the individual involved in the prior incident.

The evidence proffered did not logically tend to prove or disprove either that Weinstein committed the crime charged here or that Santana did not commit the crime. The suggestion that Weinstein

may have owned the luggage and its contents was no more than supposition, based on motives which were gleaned from hearsay or inferred from prior acts which did not demand such an inference. See *Guess v. State*, 264 Ga. 335, 337 (5) (443 SE2d 477) (1994). Furthermore, the evidence offered would have served merely to divert the jury's attention from the following pertinent facts of the case: Santana produced the parcel to be inspected, it contained his handwritten luggage tags and the airline bar codes, his ticket contained the airline bar code for the luggage, he admitted the luggage and marijuana were his, and he failed to offer any evidence linking Weinstein to the bag. See *McNeil v. State*, 202 Ga. App. 900 (415 SE2d 922) (1992). We find no error in the trial court's exclusion of the proffered testimony.

2. Santana enumerates as error the trial court's refusal to continue his motion for new trial and the denial of his motion for new trial. Since Santana does not specifically address either of these two enumerations in his appellate brief, they are deemed abandoned. See Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Smith and Barnes, JJ., concur.*

DECIDED JANUARY 21, 1999.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.