A05A1279. WATSON v. THE STATE.
(620 SE2d 176)

BLACKBURN, Presiding Judge.

Following a jury trial, Robert J. Watson, Sr. appeals his conviction for kidnapping and false imprisonment, contending that the trial judge provided inaccurate information regarding sentencing during pretrial proceedings, and that the court erred in admitting a rifle found in the trunk of his car at the time of arrest. Finding no error, we affirm.

On appeal in a criminal case, we review the sufficiency of the evidence "in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve." (Citation and punctuation omitted.) *Lewis v. State*.[1]

So viewed, the record shows that Watson forced his ex-wife to drive with him from Georgia to Ohio using a gun to keep her with him.

[1] *Lewis v. State*, 247 Ga. App. 808, 809 (1) (545 SE2d 381) (2001).

1. Watson first contends error was committed prior to trial when he was given a last chance to plead guilty, in that the judge provided inaccurate information regarding sentencing. Since the evidence in this case is undisputed, our review of this contention is de novo. *State v. Ellison.*[2]

A review of the record shows that just prior to the start of the trial, the judge verified that Watson did not want to accept a plea under the first offender act to false imprisonment only and receive a suspended ten-year sentence, but that he instead wished to proceed to trial on both false imprisonment and kidnapping charges. Watson, a man of limited education and reading ability, related his understanding "that if he [took] the ten years on paper and [went] nine years and [got] a speeding ticket or anything, that would break it; that [he would have to] come back to Georgia [from Ohio] and it doubles to 20 plus the nine [he] already had." The judge explained that he could not revoke Watson for more than what was left on his sentence. The judge later clarified that ten years is the maximum sentence on false imprisonment,[3] so that he could not possibly add more to Watson's sentence. Watson stated that he understood this information and proceeded to trial.

Watson now contends that the judge's explanation was misleading, and that he was under the wrong impression as to the possible sentencing length. Thus, he is in effect arguing that his "not guilty" plea was involuntary. We disagree.

When viewed as a whole, the judge correctly explained that Watson could not possibly be revoked for more than his ten-year sentence on false imprisonment because ten years is the maximum sentence for that crime. OCGA § 16-5-41 (b). Any alleged error that may have occurred in the first part of the judge's explanation is harmless in light of the explanation as a whole. See *Wood v. State.*[4]

When reviewing a plea to a lesser offense than what is possible under the indictment, we look to the totality of the circumstances. *Wharton v. Anderson.*[5] The circumstances here show a full explanation of the sentence. Watson points to no other misinformation. Since the law favors a trial on the merits, proceeding to trial is preferable to a guilty plea where the defendant has shown some confusion. *Pass v. State.*[6]

---

[2] *State v. Ellison*, 271 Ga. App. 898, 901 (3) (a) (611 SE2d 129) (2005).

[3] OCGA § 16-5-41 (b).

[4] *Wood v. State*, 190 Ga. App. 179, 180-181 (1) (378 SE2d 520) (1989).

[5] *Wharton v. Anderson*, 270 Ga. 22 (1) (504 SE2d 670) (1998).

[6] *Pass v. State*, 227 Ga. 730, 730 (2) (182 SE2d 779) (1971).

2. Watson next argues that the court erred in admitting a rifle found in the trunk of his car at the time of his arrest. He claims that the admission of the rifle prejudiced the jury and placed his character in issue.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." *Carswell v. State*.[7] Gun ownership, in and of itself, does not impute bad character. *Gomillion v. State*.[8] The admission of the rifle, here, was not an abuse of discretion under the facts of this case.

3. Finally, Watson contends that the state placed his character into evidence when it elicited testimony about Watson's gambling. He contends that the trial court erred in failing to declare a mistrial sua sponte even though Watson failed to object to this testimony.

We note as an initial matter that testimony about gambling was elicited throughout the trial without objection by Watson. On one such occasion, the testimony was elicited by Watson.

Our standard of review for refusal to grant a mistrial is abuse of discretion. *Johnson v. State*.[9] However, the record shows that Watson's attorney failed to request a mistrial at all, or to otherwise object to the admission of the gambling testimony. Where Watson failed to move for a mistrial, there is nothing for us to review. *O'Kelley v. State*.[10] Neither is the judge required to raise the issue on his own. Id.

Alternatively, Watson argues that his trial counsel was ineffective for failing to request a mistrial. This claim was considered by the trial court and rejected.

> In analyzing a claim of ineffective assistance of counsel, a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. A defendant must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel.

---

[7] *Carswell v. State*, 263 Ga. App. 833, 834 (2) (589 SE2d 605) (2003).

[8] *Gomillion v. State*, 236 Ga. App. 14, 17 (3) (b) (512 SE2d 640) (1999).

[9] *Johnson v. State*, 268 Ga. App. 426, 427 (1) (602 SE2d 177) (2004).

[10] *O'Kelley v. State*, 175 Ga. App. 503, 505 (1) (333 SE2d 838) (1985).

(Punctuation omitted.) *McClarity v. State*;[11] *Strickland v. Washington.*[12] Watson bears the burden on this claim. Id.

In reviewing the record, we note that trial counsel did not testify at the hearing on the motion for new trial. Thus, Watson has failed to make an affirmative showing that trial counsel's alleged deficiencies were not trial strategy. "The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed. In the absence of contrary evidence, defense counsel's actions are presumed to be part of trial strategy." (Punctuation omitted.) *McClarity*, supra at 351 (3).

We cannot say that the trial court abused its discretion in denying Watson's ineffectiveness claim.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JULY 27, 2005 —
RECONSIDERATION DENIED AUGUST 18, 2005.

*Donaldson & Donaldson, R. B. Donaldson, Jr., Brian L. Daly*, for appellant.

Robert J. Watson, Sr., *pro se.*

*Spencer Lawton, Jr., District Attorney, Nancy M. Smith, Assistant District Attorney*, for appellee.

---

[11] *McClarity v. State*, 234 Ga. App. 348, 350 (3) (506 SE2d 392) (1998).
[12] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).