A05A2156. MAYO v. THE STATE.
(626 SE2d 245)

SMITH, Presiding Judge.

A jury found Michael Mayo guilty of driving with a suspended license, fleeing and attempting to elude an officer, possession of marijuana, and possession of cocaine with the intent to distribute. Mayo appeals, contending that: (1) insufficient evidence supports his drug convictions; and (2) he received ineffective assistance of counsel. We find no merit in these claims, and we affirm.

1. We first address Mayo's contention that the evidence was insufficient to convict him of possession of marijuana and possession of cocaine with the intent to distribute. Construed in favor of the verdict, the evidence shows that a sheriff's deputy discovered that Mayo was driving with a suspended license after he stopped Mayo for speeding. The officer called for backup and informed Mayo that he was under arrest and would have to go to the sheriff's department. Mayo then drove away, leaving the deputy and his backup deputy standing in the road. The deputies pursued him in their separate cars for about a mile, until a third deputy stopped Mayo by blocking his lane of traffic. The chase lasted approximately two minutes.

While pursuing Mayo, the deputy immediately behind his car saw items coming out of the driver's side window. After stopping Mayo for the second time, the deputies saw two small blue bags with a white powdery substance in them on the seat between his legs. The officers then searched the road and found 34 small blue bags containing a

white powdery substance that matched the bags found in Mayo's car. The bags were found in the road and on its shoulder between the location of Mayo's first and second stop. The officers also found a bag of marijuana in the same location. A forensic drug chemist testified that the substance found in the 36 blue bags tested positive for cocaine and that the other bag contained marijuana.

One of the deputies testified that he had extensive training and experience in drug enforcement and that it was rare to find more than 30 bags of individually packaged cocaine in a traffic stop. He would normally find only one or two bags of drugs. If the person stopped was a drug user, the deputy would usually find rolling papers for marijuana or a crack pipe; he did not find paraphernalia such as this in Mayo's car.

The backup deputy testified that he was taught in on-the-job training classes that drug dealers sometimes use rental cars to transport drugs and that Mayo was driving a rental car. During cross-examination, this officer acknowledged that a drug user "could" possess 34 bags of cocaine.

(a) Mayo argues that this evidence is insufficient to support his intent to distribute conviction because the officers were not qualified or tendered as experts, and their testimony did not otherwise show that they were qualified to render opinions about evidence indicating drug distribution versus drug use. We need not resolve the issue of whether the officers were qualified to render opinions, because the individual packaging of the 36 bags in this case is sufficient to support an intent to distribute conviction. *Rutledge v. State*, 224 Ga. App. 666, 668 (1) (482 SE2d 403) (1997) (nine individual packages of crack cocaine rocks sufficient to support intent to distribute conviction); *Williams v. State*, 199 Ga. App. 544, 545 (405 SE2d 539) (1991) (thirty clear plastic packages of cocaine sufficient to support intent to distribute conviction).

We further find no merit in Mayo's argument that the individual packaging evidence was insufficient in this case because the officer testified that a drug user "could" possess 34 bags of cocaine. The inference to be drawn from the large number of bags was for the jury to decide and it was not bound by the officer's hypothetical testimony. *Strong v. State*, 265 Ga. App. 257, 258 (593 SE2d 719) (2004); *State v. Ellison*, 271 Ga. App. 898, 903 (5) (611 SE2d 129) (2005). Moreover, "[t]he intent with which an act is done is peculiarly a question of fact for determination by the jury. . . . Intent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this." (Citation and footnote omitted.) *Howard v. State*, 268 Ga. App. 558, 559 (602 SE2d 295) (2004). Finally, "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be

upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001). Therefore, sufficient evidence supports Mayo's intent to distribute cocaine under the standards set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Although Mayo claims in his enumeration of error generally that insufficient evidence supports his possession of marijuana conviction, he makes no argument with regard to this conviction in his brief. As a result, we deem it abandoned pursuant to Court of Appeals Rule 25 (c) (2). *Vick v. State*, 237 Ga. App. 762, 763 (1) (516 SE2d 815) (1999).

2. In his remaining enumeration of error, Mayo contends his counsel was ineffective for failing: (1) to meet with him on a sufficient number of occasions and for a sufficient length of time; (2) to properly investigate a newspaper article about blue baggies of drugs found in another location; and (3) "to allow" him to personally view his prior conviction used in the sentencing hearing.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation, punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

Finally,

> [a]lthough the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

(a) Mayo claims that his trial counsel's too short and infrequent meetings with him require a new trial. We find no merit in this claim

because he fails to argue or demonstrate how this alleged deficiency prejudiced his defense. *Washington v. State*, 274 Ga. 428, 430 (2) (554 SE2d 173) (2001).

(b) We also find no merit in Mayo's argument that his counsel failed to investigate properly a newspaper article about blue bags of drugs found in the same county in a different location. Mayo's trial counsel testified during the motion for new trial hearing that he did check into the article, although he did not remember the details, and concluded that they did not relate to Mayo's case. Trial counsel also pointed out that the facts of the case against Mayo were different because the police saw him throw the baggies from his car and then picked them up almost immediately after the second stop. This evidence supports the conclusion that defense counsel adequately investigated the newspaper article and decided, as a matter of trial strategy, not to present evidence of these other bags, which could be readily distinguished from the bags found after police saw Mayo throwing multiple items from his car. "In the absence of contrary evidence, defense counsel's actions are presumed to be [a] part of trial strategy." (Citation and punctuation omitted.) *Watson v. State*, 275 Ga. App. 174, 177 (3) (620 SE2d 176) (2005). And, "[t]rial strategy and tactics do not equate with ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) *Caylor v. State*, 255 Ga. App. 362, 364 (1) (566 SE2d 33) (2002).

(c) Mayo contends that his trial counsel was ineffective because he did not show Mayo a copy of the prior conviction the State used to enhance his sentence or ask Mayo to verify the conviction. In support of this argument, Mayo relies on the requirement in OCGA § 17-10-2 that the State provide "clear notice" to an accused of all previous convictions the State plans to introduce to "allow a defendant to examine his record to determine if the convictions are in fact his, if he was represented by counsel, and any other defect which would render such documents inadmissible during the pre-sentencing phase of the trial." (Citation and punctuation omitted.) *West v. Waters*, 272 Ga. 591-592 (1) (533 SE2d 88) (2000).

Mayo acknowledges that he was aware that the State planned to use his prior conviction and the record shows that he was informed of the date, offense, and jurisdiction for the prior conviction. He contends, nonetheless, that he was prejudiced based on the "possible inadmissibility of said conviction," but fails to explain on what basis the prior conviction might have been inadmissible. He presented no evidence that additional investigation into his prior conviction by his trial counsel would have revealed a basis to preclude its admission. Since Mayo has failed to meet his burden of proving that prejudice flowed from his counsel's failure to show him a copy of the conviction, we find no merit in this enumeration. See *Sanders v. State*, 253 Ga.

App. 380, 382 (559 SE2d 122) (2002) (defendant cannot prove prejudice results from trial counsel's lack of investigation absent proffer of helpful evidence additional investigation would have revealed).
   *Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

*Sophia C. Butler*, for appellant.
   *Stephen D. Kelley, District Attorney, Jan Kennedy, Leslie K. DeVooght, Assistant District Attorneys*, for appellee.