A05A1765. PAIGE v. THE STATE.
(627 SE2d 370)

SMITH, Presiding Judge.

Following a jury trial, Anthony Paige appeals from his convictions of aggravated assault with intent to rape, aggravated battery, aggravated assault with a deadly weapon, and aggravated assault.[1] Paige asserts the trial court erred by: (1) denying his motion to suppress the victim's identification testimony; (2) failing to exercise its discretion to probate or suspend a portion of his sentence; and (3) allowing improper victim impact evidence during the sentencing hearing. He also contends that he received ineffective assistance of counsel. We find no merit in any of Paige's enumerations of error, and we affirm the judgment.

1. Paige claims the victim's identification testimony was tainted and should have been suppressed because the victim was shown a photograph of the defendant by a private citizen before she identified

---

[1] The trial court merged the aggravated assault with a deadly weapon and the aggravated assault convictions into the aggravated assault with intent to rape conviction.

him in a police lineup. We find no merit in this enumeration because police did not employ the suggestive procedure of which Paige complains.

> The due process protection of the Fourteenth Amendment to the United States Constitution protects the citizens against state action rather than against citizen action. In order for the Fourteenth Amendment to come into play in an identification procedure, state action must be involved.

(Citation and punctuation omitted.) *Nowlin v. State*, 225 Ga. App. 447, 449-450 (3) (484 SE2d 14) (1997). See also *Sweet v. State*, 278 Ga. 320, 322 (1) (602 SE2d 603) (2004). In cases not involving state action, a witness's credibility in identifying the defendant is a matter for the jury to decide. *Dunn v. State*, 262 Ga. App. 643, 645 (2) (586 SE2d 352) (2003); *Thomas v. State*, 247 Ga. App. 798, 800 (2) (545 SE2d 354) (2001).

Paige claims that the Georgia Supreme Court's decision in *Sweet*, supra, supports his argument that suppression is required even in the absence of state action. We disagree. The Supreme Court clearly held that "the principle expressed in *Neil v. Biggers*, [409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972),] deals with the suggestiveness of an identification procedure used by police, and applies only to state action." (Citation and punctuation omitted.) 278 Ga. at 322 (1). While the Supreme Court also noted that the witness's in-court identification had an independent origin and was therefore "not constitutionally inadmissible," this alternative analysis does not mandate suppression in cases lacking state action. Id. In *Sweet*, the Supreme Court was analyzing an ineffective assistance of counsel claim, and its decision to employ an alternative analysis in upholding the trial court's denial of a motion for new trial on this ground should not be construed as a change in the law regarding suppression of identification testimony.

2. Paige asserts the trial court erred by failing to exercise its discretion to probate or suspend any part of his sentence. In support of this assertion, Paige points out that the trial court did not expressly recognize this discretion when pronouncing his sentence. We find no merit in this enumeration because, unlike the cases relied upon by Paige,[2] there is no indication that the trial court mistakenly believed that it could not probate part of his sentence. "Unless affirmative

---

[2] See *Minter v. State*, 245 Ga. App. 327 (537 SE2d 769) (2000); *Bradshaw v. State*, 237 Ga. App. 627 (516 SE2d 333) (1999); *Banks v. State*, 225 Ga. App. 754 (484 SE2d 786) (1997).

evidence shows otherwise, the trial court is presumed to have exercised its discretion in imposing sentence." (Citations and footnote omitted.) *Teasley v. State*, 247 Ga. App. 580, 581 (545 SE2d 17) (2001).

3. Paige claims the trial court erred by allowing "improper and emotional victim impact evidence" during the sentencing hearing in violation of OCGA § 17-10-1.2. The version of this Code section in effect at the time of Paige's trial in 2002 provided, in relevant part:

(a) . . .

(2) In all cases other than those in which the death penalty may be imposed, prior to fixing of the sentence as provided for in Code Section 17-10-1 or the imposing of life imprisonment as mandated by law, and before rendering the appropriate sentence, including any order of restitution, the court, within its discretion, may allow evidence from the victim, the family of the victim, or such other witness having personal knowledge of the impact of the crime on the victim, the family of the victim, or community. Such evidence shall be given in the presence of the defendant and shall be subject to cross-examination.

(b) In presenting such evidence, the victim, the family of the victim, or such other witness having personal knowledge of the impact of the crime on the victim, the victim's family, or the community shall, if applicable:

. . .

(4) Describe any change in the victim's personal welfare or familial relationships as a result of the offense; . . . [and]

(6) Include any other information related to the impact of the offense upon the victim, the victim's family, or the community that the court inquires of.

Paige contends that OCGA § 17-10-1.2 precludes a victim from asking the court to impose the maximum sentence because she is afraid for her life. We disagree. "[T]he introduction of oral victim impact testimony . . . is solely within the discretion of the trial court," *Cronan v. State*, 236 Ga. App. 374, 378 (4) (511 SE2d 899) (1999), and the trial court is vested with "unusually broad discretion in admitting such evidence. . . ." *Jones v. State*, 267 Ga. 592, 595 (2) (b) (481 SE2d 821) (1997). Additionally, "we presume that trial courts will follow the

dictates of the statute in not admitting inflammatory or unduly prejudicial evidence." (Citation and punctuation omitted.) Id.

We find no abuse of discretion here. OCGA § 17-10-1.2 allows evidence of the impact of the crime upon the victim and the victim gave a short and limited statement to the trial court.

4. Paige asserts he received ineffective assistance of counsel because his trial attorney: (a) failed to move for a mistrial or ask for a curative instruction after the victim cried on the witness stand; (b) persuaded Paige not to testify and did not allow him to make the final decision as to whether he would testify; (c) failed to cross-examine the investigating detective about a statement in his report indicating that the victim appeared to be under the influence of drugs; and (d) failed to present a witness who would have testified that hairs found on the head scarf alleged to have been worn by Paige during the assault matched the victim's hair.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation, punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992).

Finally,

> [a]lthough the Supreme Court in *Strickland* discussed the performance component prior to the prejudice component, it acknowledged that a court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one.

*Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

(a) Paige contends his counsel was ineffective for failing to move for a mistrial after the victim began crying on the witness stand, requiring a recess to be taken. The record shows that the victim completed her chronological description of her attack and attempted

rape before the trial court ordered the jury out of the courtroom in order to allow the victim to compose herself. The victim apparently started crying "very hard" when she was asked to identify the clothing she was wearing at the time of her attack. She made no prejudicial comments and the trial court ordered the recess sua sponte. She remained composed when her testimony resumed and there were no further recesses.

In order to succeed on this ineffectiveness claim, Paige must show that if his counsel had moved for a mistrial, it would have been an abuse of discretion for the trial court to deny it. See *Watson v. State*, 275 Ga. App. 174, 176 (3) (620 SE2d 176) (2005) ("[o]ur standard of review for refusal to grant a mistrial is abuse of discretion") (citation and footnote omitted); *Banks v. State*, 244 Ga. App. 191, 192 (1) (c) (535 SE2d 22) (2000) ("[f]ailure to pursue a meritless motion cannot be evidence of ineffective assistance") (citation omitted).

> Many, if not most, trials by jury involve some degree of emotion by at least one party or the other. It would be unreasonable to expect that all emotions be completely frozen during a trial by jury when such effective bridle on emotions cannot be sustained elsewhere. Demonstrations and outbursts which occur during the course of a trial are matters within the trial court's discretion unless a new trial is necessary to insure a fair trial.

(Citations and punctuation omitted.) *Dick v. State*, 246 Ga. 697, 705 (14) (273 SE2d 124) (1980). "Our reliance on the trial court's sound discretion is particularly appropriate when the objection is to the manner in which the witness testifies, since the trial court can see and hear the [witness] while we must rely on a cold record." *Jones v. State*, supra, 267 Ga. at 595 (2) (b). In this case, the trial transcript shows only that the trial court ordered a recess during the victim's testimony; the only evidence that she was "crying very hard" comes from trial counsel agreeing to appellate counsel's question during the motion for new trial hearing. There is no evidence that she became hysterical or made any prejudicial comments, and trial counsel acknowledged that she was more composed after the recess. Based on this record, we cannot say that the trial court would have abused its discretion by denying a requested mistrial. See *Dick*, supra, 246 Ga. at 705-706 (14). See also *Williams v. State*, 276 Ga. 384, 385 (2) (578 SE2d 858) (2003). We find no merit in this claim of ineffectiveness.

(b) Paige asserts his trial counsel was ineffective because he persuaded Paige not to testify and "did not give Appellant the final say in this matter." In the motion for new trial hearing, Paige's counsel testified that he spoke with Paige about whether he wanted

to testify. Counsel explained that Paige asked for his advice about whether he should testify on two separate occasions, and counsel advised him not to testify because "he had some issues in his past."[3] Counsel testified that he did not have any conflicts with Paige, and he did not recall any need to talk with the judge about any disagreement with Paige regarding trial strategy. At the motion for new trial hearing, Paige testified that he wanted to take the witness stand at trial, but refrained from doing so. He claimed his attorney advised him against it, and he relied on his attorney's advice. Paige did not claim that he actually told his attorney he wanted to testify. The record does not support Paige's claim that his attorney prevented him from making the final decision about whether he should testify. We therefore find no merit in Paige's claim of ineffectiveness on this ground. See *Lassic v. State*, 278 Ga. 701, 704 (3), n. 9 (606 SE2d 266) (2004). See also *Dewberry v. State*, 271 Ga. 624, 626 (2) (523 SE2d 26) (1999) (defendant failed to overcome presumption that his lawyer properly advised him).[4]

(c) Paige argues his counsel was ineffective because he failed to cross-examine the investigating detective about placing a check in a box on his incident report indicating that the victim appeared to be under the influence of drugs. The record shows that the detective interviewed the victim shortly after her attack. He did so at the hospital where she was being treated for her injuries, which included a cut on her hands and right leg and an eye which was completely swollen shut. Paige's counsel testified at the motion for new trial hearing that he decided not to cross-examine the detective on this issue based on the victim's hospital records containing no indication that she was under the influence of drugs, her denial of drug use when she was interviewed by his investigator, and a witness's description of the victim's appearance immediately after the attack. In his opinion, cross-examination on this issue "would have turned into a red herring."

"The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel." (Citation and footnote omitted.) *Simpson v. State*, 277 Ga. 356, 359 (4)

---

[3] At the sentencing hearing, the State introduced evidence that Paige had previously been convicted of armed robbery and aggravated assault.

[4] While a review of the authorities . . . does not persuade us that we should mandate the trial court to engage in an on-the-record colloquy with a defendant to inquire of the non-testifying defendant whether he desires to waive his right to testify, we acknowledge that the better practice would be for the trial court to include this inquiry as a matter of routine in order to avoid a post-conviction attack of the nature raised in this appeal.
*Barron v. State*, 264 Ga. 865, 866 (2), n. 2 (452 SE2d 504) (1995).

(b) (589 SE2d 90) (2003). In this case, trial counsel's decision not to cross-examine "was a reasonable trial strategy that did not constitute ineffective assistance of counsel." (Citation and footnote omitted.) *Fann v. State*, 275 Ga. 756, 757 (2) (571 SE2d 774) (2002).

(d) In his final claim of ineffectiveness, Paige contends his counsel should have called the Georgia Bureau of Investigation (GBI) crime lab employee who examined the head scarf worn by the perpetrator during his attack on the victim. The employee's written report shows that the GBI employee was provided with head hair of the victim, but not of Paige, and that hair on the scarf matched the known hair of the victim. The report further indicates that additional hair found on the scarf did not contain roots, which would have allowed DNA analysis. Trial counsel testified in the motion for new trial hearing that he did not call the GBI employee to establish that the hair found on the scarf was the victim's, and not Paige's, because "it was going to be easily explainable, because it appears as though the defendant's hair was never tested."

> The decisions on which witnesses to call, whether and how to conduct cross-examination, which jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client. Trial counsel's strategic decisions made after thorough investigation are virtually unchallengeable. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them.

(Citations omitted.) *Botelho v. State*, 268 Ga. App. 129, 132 (3) (601 SE2d 494) (2004). As trial counsel's decision was not "patently unreasonable," he did not render ineffective assistance of counsel. Id.
*Judgment affirmed. Ellington and Adams, JJ., concur.*

### ON MOTION FOR RECONSIDERATION.

Appellant Anthony Paige, appearing pro se, has moved for reconsideration of the affirmance of his conviction. He relies upon the Georgia Supreme Court's decision in *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005), disapproving the pattern jury instruction on an eyewitness's "level of certainty" in assessing the reliability of an identification.[5] *Brodes* was decided after appellant filed his brief and

---

[5] Council of Superior Court Judges, Suggested Pattern Jury Instructions, 3d ed. 2003, § 1.35.10.

enumeration of errors. His request for permission to file a supplemental brief was granted, but he then attempted to raise a new enumeration of error in that brief, which is not permitted. See *Ramirez v. State*, 217 Ga. App. 120, 124 (4) (456 SE2d 657) (1995).

Paige's procedural arguments in his motion are irrelevant, however, because in Paige's requests to charge his trial counsel asked the trial court to "give its pattern charge on all subjects relevant to this case (including identification)." Paige having "requested the very charge containing the 'level of certainty' language is thus estopped from arguing that a charge given in accordance with his own request constitutes reversible error." (Citations and footnotes omitted.) *Morton v. State*, 276 Ga. App. 421, 423-424 (3) (623 SE2d 239) (2005).

*Motion for reconsideration denied.*

DECIDED FEBRUARY 1, 2006 —
RECONSIDERATION DENIED FEBRUARY 21, 2006.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.