## A06A0146. KING v. THE STATE.

(630 SE2d 905)

RUFFIN, Chief Judge.

A jury found Johnny King guilty of robbery and aggravated assault as the result of an attack on Charles Lunsford. King appeals, alleging ineffective assistance of counsel at trial. For reasons that follow, we disagree and affirm.

Viewed in a light most favorable to the verdict,[1] the evidence shows that in the early morning hours of December 1, 2000, Lunsford stopped at a convenience store and, when he attempted to leave, his vehicle would not start. Lunsford determined that the vehicle needed starter fluid, which the convenience store did not sell. King and Lincoln Goldsborough, who were in the store's parking lot, offered to take him to a nearby store to purchase starter fluid. Lunsford agreed. However, once the three men were in King's vehicle, King drove to the parking lot of an abandoned gas station nearly eight miles away. As Lunsford got out of the vehicle, King grabbed him around the neck and said, "you dead." They scuffled, Lunsford fell to the ground, and Goldsborough stepped on his head, leaving a shoe imprint. King and Goldsborough fled with Lunsford's wallet. They dropped some of Lunsford's money at the scene of the attack, where it was later recovered by law enforcement.

Lunsford was able to describe his attackers and their vehicle, including the tag. King and Goldsborough were stopped in the vehicle a few hours later. Goldsborough had blood on his shoe, and Lunsford's ATM card was found in the vehicle's ashtray. Later that day, King made a statement to law enforcement, claiming that he and Goldsborough gave a ride to Lunsford, but made him exit the vehicle when he began to act strangely. King stated that he pulled Lunsford from the vehicle, and after Lunsford hit him, punched Lunsford twice and drove away. King reiterated this version of events at a magistrate court hearing.

At trial, King did not testify or call any witnesses. He was found guilty of robbery and aggravated assault but not guilty of kidnapping with bodily injury. King moved for a new trial based upon ineffective assistance of counsel, and the trial court denied the motion.

On appeal, King alleges four separate instances of ineffective assistance by his trial counsel. In order to establish ineffective assistance of counsel, King must show "that the attorney's performance was deficient and that, but for the deficient performance, there is a reasonable probability [that] the trial would have ended

---

[1] See *Turner v. State*, 277 Ga. App. 205 (1) (626 SE2d 176) (2006).

differently."[2] We will affirm the trial court's ruling on a claim of ineffective assistance of counsel unless that determination is clearly erroneous.[3]

1. King argues that counsel's performance was deficient because he "frightened" King into deciding not to testify. At trial, King stated on the record that he believed it was in his best interest not to testify. King now claims, however, that he wanted to testify but counsel convinced him otherwise by speculating "how the D.A. would [treat] [him] if [he] took the stand."

The decision whether or not to testify is a tactical one, made by a defendant with the advice of counsel.[4] Moreover,

> [i]f counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify. The defendant can then make the choice of whether to take the stand with the advice of competent counsel.[5]

Such advice is trial strategy and generally not subject to challenge for ineffectiveness.[6] At the evidentiary hearing on the motion for new trial, counsel stated that King decided not to testify after they had "discussed the pros and cons of testifying," including King's criminal record and the opportunity for the prosecution to cross-examine him. King testified at the hearing that he felt pressured not to testify because that was counsel's recommendation; however, he presented no evidence that counsel prevented him from making his own decision.[7] And the trial court was authorized to resolve any conflict between King's testimony and that of his counsel.[8] In this case, there was sufficient evidence for the trial court to determine that King voluntarily decided not to take the stand upon the reasonable advice of counsel.[9]

2. King asserts that trial counsel's performance was deficient because he raised the issue of self-defense in his opening and closing statements and while cross-examining Lunsford, but did not put on any evidence of self-defense. King told counsel prior to trial that

---

[2] *Morris v. State*, 280 Ga. 179, 180 (3) (626 SE2d 123) (2006).

[3] See *Berry v. State*, 262 Ga. App. 375, 376 (2) (585 SE2d 679) (2003).

[4] See *Chambers v. State*, 266 Ga. 39, 42 (3) (463 SE2d 887) (1995).

[5] (Punctuation omitted.) *Lowery v. State*, 260 Ga. App. 260, 263 (3) (581 SE2d 593) (2003).

[6] See *Rogers v. State*, 265 Ga. App. 628, 631 (2) (595 SE2d 326) (2004).

[7] See *Paige v. State*, 277 Ga. App. 687, 692 (4) (b) (627 SE2d 370) (2006).

[8] See *Lowery*, supra.

[9] See *Price v. State*, 280 Ga. 193, 198-199 (5) (b) (625 SE2d 397) (2006); *Lloyd v. State*, 259 Ga. App. 636, 639 (1) (c) (577 SE2d 854) (2003).

Lunsford had solicited sex and drugs from him, which led to the altercation between the two. Counsel used this information to attack Lunsford's credibility, arguing to the jury that there was no reason for Lunsford to get into a vehicle with two strangers unless he wanted drugs or illicit sex. However, Lunsford denied that he had solicited sex or drugs from King; King did not testify; and neither King's statement to police nor his testimony in a magistrate court hearing, which were read into evidence, made any mention of such solicitation. King contends that counsel "should have put [King] on the stand to give the jury . . . something . . . to make a decision upon."

As discussed in Division 1, however, counsel's advice to a defendant about testifying involves trial strategy and is generally not grounds for a claim of ineffective assistance. Here, where counsel gave a reasonable explanation for his recommendation that King not testify, King has failed to demonstrate that counsel's performance was deficient.[10] King has not pointed to any other evidence or testimony which he contends counsel should have introduced.[11] Thus, King cannot show "that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy."[12]

And, contrary to King's assertion, this is not a case where counsel failed to subject the prosecution's case to meaningful adversarial testing.[13] Counsel conducted extensive voir dire, thoroughly cross-examined witnesses, made appropriate objections, moved for a directed verdict, and discussed a plausible defense in closing argument.[14] Under these circumstances, King has not shown ineffective assistance of counsel.

3. King also contends that counsel was ineffective because he allowed Goldsborough's attorney, Arthur English, to sit at counsel table during the trial and consulted with him. King and Goldsborough were tried separately. King claims that he "felt unable to freely . . . consult with his own lawyer during the trial due to [the] presence of his co-defendant's counsel." Counsel testified that King and Goldsborough's defenses were not antagonistic and that English sat at counsel table "both to assist [him] and to get an idea of the prosecution's strategy." Counsel's testimony and the trial transcript reveal that English did not participate directly in the trial, except to be "another pair of ears."

---

[10] See *Chambers*, supra; *Hazelrigs v. State*, 255 Ga. App. 784, 787 (2) (567 SE2d 79) (2002).

[11] See *Williams v. State*, 211 Ga. App. 393, 395 (2) (b) (439 SE2d 11) (1993).

[12] (Punctuation omitted.) Id.

[13] See *Cook v. State*, 255 Ga. 565, 579 (17) (340 SE2d 843) (1986).

[14] See id.; *Ray v. State*, 183 Ga. App. 57, 57-58 (357 SE2d 877) (1987).

King alleges that English's presence at counsel table had a chilling effect on his communication with counsel. At the hearing on his motion for a new trial, King stated that he was afraid his counsel was discussing confidential information with English. But he does not specify how this belief restrained him from communicating with counsel, or identify any information that he withheld from counsel because English was present. Because King has not shown how his case was prejudiced by having English at counsel table, we find no merit to his claim of ineffective assistance.[15]

To the extent that King alleges English's presence created a conflict of interest, he must show "that [his] counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance."[16] But the evidence here is that King and Goldsborough's interests coincided; both were asserting self-defense. And King has not indicated what counsel would have done differently had English not been present.[17] Because King has not established either a conflict of interest or that counsel's performance was adversely affected, the trial court did not err in denying King's claim of ineffective assistance on this basis.[18]

4. Finally, King argues that counsel was ineffective by failing to properly preserve an issue for appeal. Counsel subpoenaed Lunsford's e-mail, seeking evidence with which to impeach him. The trial court conducted an in camera inspection of Lunsford's e-mail account and concluded that nothing therein was responsive to King's subpoena. Counsel made no objection to this ruling.

Regardless of whether counsel should have objected to the trial court's ruling, King has not established that he is entitled to reversal. Although King states that he sought evidence Lunsford had solicited homosexual sex from others via e-mail, at the motion for new trial, King presented no evidence of what was actually in the e-mails.[19] Thus, we have no means of ascertaining whether such evidence would have aided King's defense.

> If the trial court performs an in camera inspection and denies the defendant access to certain information, on appeal the appellant has the burden of showing both the materiality and the favorable nature of the evidence sought. Mere speculation that the items the appellant wishes to

---

[15] See *Mayo v. State*, 277 Ga. App. 282, 284-285 (2) (a) (626 SE2d 245) (2006).

[16] (Punctuation omitted.) *Capers v. State*, 220 Ga. App. 869, 873 (2) (470 SE2d 887) (1996).

[17] See *Abney v. State*, 240 Ga. App. 280, 282 (3) (523 SE2d 362) (1999).

[18] See id. at 282-283.

[19] See *Dempsey v. State*, 279 Ga. 546, 548-549 (3) (615 SE2d 522) (2005).

review possibly contain exculpatory information does not satisfy this burden.[20]

As King has not shown that counsel's failure to preserve the objection prejudiced him, he has not established that counsel was ineffective.[21]
    *Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED MAY 11, 2006 —

*Leo J. Kight, Jr.,* for appellant.
    *Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney,* for appellee.

---

[20] (Citations and punctuation omitted.) Id. at 548.
[21] See *Mika v. State,* 256 Ga. App. 546, 552 (7) (568 SE2d 818) (2002).
[1] *Summers v. State,* 263 Ga. App. 338 (587 SE2d 768) (2003).
[2] See *State v. Thomas,* 275 Ga. 167, 168 (562 SE2d 501) (2002).