A06A2230. GERLOCK v. THE STATE.
(641 SE2d 240)

RUFFIN, Judge.

A jury found David Michael Gerlock guilty of possession of marijuana with intent to distribute.[1] Gerlock appeals, challenging the sufficiency of the evidence and arguing that the trial court erred in excluding evidence that showed another person may have committed the crime. Finding no error, we affirm.

---

[1] The jury found Gerlock not guilty of driving with a suspended license.

In an appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict.[2] The defendant is no longer presumed innocent, and we do not weigh the evidence or evaluate witness credibility.[3] Our role is to determine only "whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt."[4] Viewed in such a manner, the evidence shows that Gerlock drove to Jerome Rumph's apartment on April 7, 2004. While Gerlock was there, Andrew Huff arrived at Rumph's apartment seeking money for gas. Gerlock agreed to give Huff gas money. Gerlock and Rumph then drove in Gerlock's vehicle to a nearby Flash Food store, followed by Huff in his own vehicle. At the Flash Food store, Gerlock went inside while Rumph pumped gas into Huff's car.

When Gerlock exited the store, he saw police talking to Huff in the parking lot. Rumph told Gerlock he no longer needed a ride, so Gerlock drove away in his vehicle. Shortly thereafter, police stopped Gerlock on suspicion of involvement with a robbery in progress at the Flash Food store.[5] Officer David Flanders checked Gerlock's driver's license and was advised that the license was suspended. Officer Flanders then took Gerlock into custody and searched him and the vehicle. Officer Flanders found a plastic grocery-type bag containing 17 one-inch plastic bags of marijuana between the driver's seat and the center console of the vehicle. Based on this and other evidence, the jury found Gerlock guilty of possession of marijuana with intent to distribute.

1. In his first two enumerations of error, Gerlock challenges the sufficiency of the evidence. He contends that the State did not establish intent to distribute the marijuana because there was no testimony that either the amount or packaging of the drug was indicative of distribution rather than personal use.

To prove possession with intent to distribute, the State must show more than mere possession of a controlled substance.[6] The State may establish that the controlled substance in the defendant's possession was intended for sale through " 'the packaging of the contraband, possession of certain amounts or denominations of currency, a prior possession with intent to distribute conviction, [or] expert testimony that the amount of contraband possessed was consistent with larger amounts usually held for sale rather than for personal

---

[2] See *Riggins v. State*, 281 Ga. App. 266, 268 (635 SE2d 867) (2006).

[3] See id.

[4] Id.

[5] Apparently Huff called 911, claiming that Rumph was attempting to rob him. Gerlock was cleared of any involvement in the alleged robbery.

[6] See *Ryan v. State*, 277 Ga. App. 490, 493 (3) (627 SE2d 128) (2006).

use.' "[7] Here, the marijuana found in Gerlock's vehicle was packaged in 17 "small purple zip lock bags" that Officer Flanders described as "one by one inch jewelry-type bags[,] commonly known as a dime bag on the street, commonly used for the purchase and selling of marijuana." The marijuana in its original packaging was introduced into evidence and viewed by the jury. This evidence was sufficient to authorize the jury to conclude that Gerlock intended to distribute it.[8]

Gerlock argues that, in order to convict him of possession with intent to distribute, the State was required to present either expert testimony that the amount of marijuana was consistent with distribution rather than simple possession or some other evidence, such as scales or large sums of cash, that would circumstantially support a finding of intent to distribute. However, the case cited by Gerlock, *Clark v. State*,[9] does not require such evidence. In *Clark*, law enforcement officers found four people in possession of eight sandwich-sized bags of marijuana. Given the number of people, the number of bags, and the State's inability to establish the amount of marijuana, this Court found that additional evidence was required to establish possession with intent to distribute. Nonetheless, we recognized in *Clark* that the result might be different where one person possessed multiple bags of marijuana — the very situation we have here. Under these circumstances, the jury could infer Gerlock's intent from the individual packaging and number of bags.[10] Accordingly, we find that the evidence was sufficient for the jury to find Gerlock guilty of possession with intent to distribute beyond a reasonable doubt.[11]

2. Based on our holding in Division 1, we find that the trial court did not err in charging the jury on possession with intent to distribute.

3. Gerlock also argues that the trial court erred in excluding evidence that Rumph was a known drug dealer and had been arrested on drug charges. Gerlock contends that this evidence should have been admitted because it tends to show that the marijuana belonged to someone else. "[A] defendant is entitled to introduce relevant and admissible testimony tending to show that another person committed the crime for which the defendant is tried."[12] But this evidence "must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delicti, or show that the other person has recently committed a crime of the same or

---

[7] Id.

[8] See *Vance v. State*, 268 Ga. App. 556, 557 (1) (602 SE2d 276) (2004).

[9] 245 Ga. App. 267 (537 SE2d 742) (2000).

[10] See *Mayo v. State*, 277 Ga. App. 282, 283-284 (1) (a) (626 SE2d 245) (2006).

[11] See id.

[12] *Scott v. State*, 281 Ga. 373, 376 (3) (637 SE2d 652) (2006).

similar nature."[13] In cases such as this, we review a trial court's decision on the admissibility of such evidence for abuse of discretion.[14]

Gerlock proffered testimony by a police officer that Rumph had been arrested in August 2004 in a drug case and was known to be a drug dealer.[15] This evidence, however, "did not logically tend to prove or disprove either that [Rumph] committed the crime charged here or that [Gerlock] did not commit the crime."[16] Gerlock himself testified that Rumph did not have a bag with him when he entered the vehicle. Rumph rode in the passenger's seat, and the bag of marijuana was found between the driver's seat and the center console. Gerlock did not see Rumph re-enter the vehicle or put anything into the vehicle after they stopped at the Flash Food store. Under these circumstances, there was simply no evidence tending to connect Rumph to the marijuana found in Gerlock's vehicle, and the trial court did not abuse its discretion in excluding the proffered testimony.[17]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 8, 2007.

*George L. Williams, Jr., Robert W. Gurd*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.

---

[13] Id.

[14] See *Dix v. State*, 246 Ga. App. 338, 341 (3) (540 SE2d 294) (2000).

[15] The details of the arrest were not proffered, and there was no indication that the arrest involved marijuana or whether Rumph was convicted of any crime.

[16] *Santana v. State*, 236 Ga. App. 66, 67 (1) (510 SE2d 916) (1999).

[17] See id.